## JENKINS v. CAULEY.

After the term to which an appeal from a justice of the peace is returned, it cannot be dismissed for the insufficiency of the appeal bond, unless a motion to dismiss is made at the return term and continued.

JUDGE WHITE delivered the opinion of the Court.

FROM a judgement recovered against him by Cauley, before a justice of the peace, Jenkins appealed to the Circuit Court of Wilcox county. After the cause had been in Court for several terms, and once continued by consent of the parties, Cauley moved to dismiss the appeal for want of a sufficient appeal bond. Jenkins offered to enter into a sufficient bond, but the Court refused to permit it, and dismissed the appeal, and he now assigns this matter as error.

After the term of the Court to which an appeal is taken from a justice of the peace, it is too late to move to dismiss the appeal for the insufficiency of the appeal bond, provided, notice of the appeal has been given to the appellee as required by the statute, or his appearance has been entered; unless the party making such motion, enters the same on the motion docket at the first term at which the case stands for trial.

We are not now disposed to reverse because the Circuit Court refused to permit the appellant to give a new appeal bond, but we think it proper for the regulation of future practice, to say that when the appeal bond appears to the Circuit or County Court to have been informally or inartificially taken by the justice of the peace, and the error does not appear to have proceeded from the neglect or default of the appellant, the case should be retained if, before the appeal is dismissed, a good and sufficient bond securing the rights of the appellee, and answering the ends of justice, be given in open Court. For the reason first stated, the judgement must be reversed and the cause be remanded.

JUDGE CRENSHAW, not sitting.

PARSONS, for plaintiff.

H. G. PERRY, for defendant in error.