## MOFFET & SINGLETON v. WOOLDRIDGE.

1. On appeal from a justice's court, the parties cannot be changed in the appellate Court.
2. A variance as to the plaintiff, between the warrant or summons of the justice, and the statement of cause of action in the appellate Court, apparent of record by oyer or otherwise, is fatal on demurrer.

THIS was a suit commenced before a justice of the peace in Pickens county, in the name of Thomas Wooldridge, Junior, for the use of Thomas Wooldridge, Senior, to recover the amount of an order drawn by the former in favor of the latter, on Moffet, one of the plaintiffs in error, and accepted by him. The justice rendered judgment for the plaintiff below, and Moffet appealed to the Circuit Court of said county, giving Singleton as his security in the appeal bond. In the Circuit Court, a statement of the same cause of action was filed in the name of Thomas Wooldridge, Senior, as plaintiff, to which Moffet, after obtaining oyer of the warrant or summons of the justice, demurred. The Circuit Court overruled the demurrer, and rendered judgment in favor of Thomas Wooldridge, Senior. This judgment on demurrer is assigned as error.

ROSE, for plaintiffs in error. It is contended for the plaintiffs in error, that the Court below could by no rule recognised either by Courts of law or equity, under such a state of facts, have correctly overruled the demurrer and rendered judgment in favor of Thomas Wooldridge, Senior; that even an appellate Court of admiralty, where the proceedings are governed by the civil law, and are in this respect more liberal than in Courts of equity, such a judg-

*a* See 9th Cranch 212.

ment would not be sanctioned.[a] In this case in Cranch, it was sought to admit in the appellate Court, other claimants interested in the subject of the suit, which was refused, although it was admitted that they might have been made parties in the Courts of original jurisdiction, consistently with the practice of the Court; but in this case it was not proposed as in the case at bar, to permit the plaintiff below to abandon his cause, and substitute in his stead another person, nor do I know any such case, except the case before the Court, where the attempt has ever been made. It is unnecessary to refer this Court to any authority to prove that Thomas Wooldridge, Junior, the

drawer of the order, had no right to sue Moffet, upon his acceptance to Thomas Wooldridge, Senior. If this be the fact, the Circuit Court has permitted him to escape the payment of the costs of a suit, which he had no right to institute, by substituting another in his place who had that right, and has compelled Moffet, contrary to law, to pay them. If this judgment can be sustained, I know of no case in which a plaintiff before a justice of the peace could be punished with costs, upon appeal to a Circuit or County Court, if a creditor of the defendant could be found for whose use he might sue. If it is contended, as I believe it will not be, that the *cestui que use*, is a party plaintiff, because he is liable to costs, I cannot perceive how the matter will be bettered, since that could not make it the less necessary for his co-plaintiff to be a party in an appellate Court. If the legal plaintiff cannot recover, it is indisputably true, that in that cause, he for whose use he sues, cannot, either at law or in equity.

VAN DE GRAAFF, for defendant in error. In this case, the only question to be disposed of is, whether the demurrer to the declaration was improperly overruled by the Court below. It appears from the record, that Thomas Wooldridge, Senior, was the holder and payee of an order, drawn by Thomas Wooldridge, Junior, upon and accepted by the defendant, Moffet. The magistrate who issued the warrant upon the order, made it *ad respondendum*, to the younger Wooldridge, for the use of the elder. But the indorsement on the warrant of the cause of complaint before the justice, shews that Thomas Wooldridge, Senior, was the real plaintiff, and that the drawer had no interest, legal or equitable in the suit. Notwithstanding the phraseology of the warrant then, Thomas Wooldridge, Senior, was the true plaintiff before the justice of the peace, and the declaration was properly delivered in his name in the Circuit Court. If however the Court should be of opinion, notwithstanding what appears from the indorsement on the warrant, that Thomas Wooldridge, Junior, was in fact the plaintiff in the cause, then I contend that this is an instance of a defective warrant, and that the Court below was right in overruling the defect, to try the cause on its merits.[a] It is apparent from the record; it is manifest from the warrant itself, taken altogether, that the younger Wooldridge could not properly be made a plaintiff, and that the legal right of action belonged to Thomas Wool-

[a] Laws of Ala page 189 sec. 22.

JANUARY 1831

Moffet & Singleton
v.
Wooldridge.

dridge, Senior, exclusively. The warrant in this case then, exhibts the evidence of its own defectiveness. It will be readily admitted, that ordinarily, a cause upon an appeal to the Circuit Court, from the judgment of a justice, must be tried between the identical parties specified in the warrant, and that no change of names would be allowable. To substitute the name of C. D. for that of A. B. in a warrant as plaintiff, would not be to cure any defect in the warrant. The warrant being in good form, with A. B's. name for plaintiff, would have no defect in it to cure. But in the case before the Court, the warrant itself shews that it is defective. The indorsement upon it, which will be examined, for the purpose of sustaining the judgment, exhibits the mistake of the magistrate, and the defect in the warrant. Surely a warrant against the acceptor, which makes the drawer the legal plaintiff, for the use of the payee or holder, and which contains within itself the evidence of all these facts, may be said, within the meaning of our statute, to be defective. This case would then be within the strict and rigid letter of the statute referred to, and it would be unnecessary for me to invoke its spirit.

If however I cannot be sustained on either of the above grounds, I contend that the plaintiff in error, was estopped in the Court below, by the appeal bond, from urging any objection to the declaration, founded upon the ground that it was delivered in the name of Thomas Wooldridge, Senior. The appeal bond is payable to him, and recites him to be the plaintiff in part in the cause. The defendant below ought not to have been permitted to dispute a fact on the trial below, the truth of which is admitted by his own deed. The case cited by the plaintiff in error, from 9th Cranch, I have examined, and I cannot perceive that it has any bearing whatever, upon the case before the Court.

By JUDGE PERRY. In the case of *Smith & Hill* v. *Cobb*,[a] which was a suit instituted before a justice of the peace, against the maker and indorser of a promissory note, judgment was rendered against them, and they appealed. The appellate Court permitted a dismissal of the suit as to the indorser, and gave judgment against the maker and his security. The Court determined that the statute of 1819,[b] which enacts that appeals taken from the judgments of justices of the peace, shall be tried by the appellate Court, according to the justice and equity of the case, without regarding any defect in the warrant, capias

a 1 Stewart's R. 62.

b Laws of Ala page 189 sec. 32,

or summons, or other proceedings of the justice, does not
cure a defect for the want of proper parties, or a misjoin-
der of parties.   The statute having received this construc-
tion, it is apparent from the facts in this case, that Thomas
Wooldridge, Junior, in whose name the warrant issued,
had no legal interest in the cause of action, consequently
the action was improperly commenced, and the name of
Thomas Wooldridge, Senior, being used in the warrant as
the *cestui que use*, cannot cure the defect, for all actions
must be brought in the name of the party whose legal
rights are sought to be enforced in a court of justice.   In
this case, the drawer of the order, Thomas Wooldridge,
Junior, having been made the plaintiff in the warrant, it
was not competent for the appellate Court to permit Tho-
mas Wooldridge, in whose favor the order was drawn, and
for whose use the suit was brought, to be substituted as the
plaintiff in legal interest, and to file a declaration in his
own name, disregarding the name of the party who had
been made plaintiff in the original process; if this could
be done, parties to actions before justices of the peace,
would never know who were or would be plaintiffs or de-
fendants, until the cause should reach the appellate tribu-
nal, consequently could neither prosecute or defend, be-
cause of the uncertainty as to who would be substituted
upon the record.   It cannot be possible that the legislature
ever intended to give such latitude to the proceedings had
before justices of the peace.   It is however contended,
that a demurrer could not reach the variance between the
declaration and the warrant, or the cause of action indorsed
thereon.   This proposition we are not willing to admit,
for whenever it appears from the proceeedings in a cause,
that an improper person has been made plaintiff, the de-
fendant may demur.   From the facts of this case, there-
fore, Thomas Wooldridge, Junior, was an improper plain-
tiff, he having no interest in the subject of controversy, as
appears from the record.   When it does not appear from
the record who are the proper parties, the want of them
can only be pleaded in abatement; and the right to demur,
when the declaration does not pursue the writ, is recog-
nised by this Court in the case of *Sossamon v. Gamble,*[a]
by sustaining for a variance between the writ and declara-
tion; also, in the case of *Lee v. Adkins,*[b] the defendant
demurred for a variance between the cause of action sta-
ted in the declaration, and that indorsed upon the writ,
and for a variance between the writ and declaration.   The

JANUARY 1831

Moffet & Sin-
gleton
v
Wooldridge.

a Minor's Ala
R. 4.

b Minor's Ala
R. 187.

JANUARY 1831 Court decided against the demurrer, upon the ground that the party demurring, could not resort to the cause of action indorsed upon the writ, to shew the variance without craving oyer of the indorsement, clearly recognising the principle, that whenever a variance did occur, it was subject to demurrer. This Court is therefore of opinion, that the demurrer in this case was properly taken, and that the Court erred in overruling the same.