# REPORTS

OF

# CASES ARGUED AND DETERMINED

## JUNE TERM. 1841.

———◆———

### HANCOCK v. HOLMES.

1. An appeal from the judgment of a justice of the peace, cannot be tried at the first term of the Court to which the appeal is prosecuted, unless it appear that the appellee, his agent or attorney, has had five days notice of the appeal previous to the term to which the appeal is taken, or unless the constable return *non est inventus* to the notice issued by the magistrate.

Error to Talladega Circuit Court.

THIS was an action commenced before a justice of the peace, in which the plaintiff in error obtained a judgment for ten dollars. The defendant prosecuted an appeal to the County Court of Talladega. The proceedings before the justice of the peace, and his certificate, are as follows:

| JAMES HANCOCK | | | |
|---|---|---|---|
| v. | MOTION. | Judgment for the plaintiff by default of the defendant, for the amount of plaintiff's demand and costs. | |
| WILLIAM HOLMES. | | Debt, : : : $10 00 | |
| | | Costs, : : : : 93 3-4 | |

I, John H. Townsend, a justice of the peace for said county, do hereby certify the above to be a true transcript of the proceedings in the above cause, from my docket. I do further certify the motion given the defendant in the cause, is lost.— James Hancock directed satisfaction to be entered upon my docket, which was accordingly done agreeably to plaintiff's

direction, but after this appeal was taken. Given under my hand and seal.

And at the return term of the appeal, the county court dismissed the appeal for want of prosecution.

From this judgment the plaintiff prosecuted a writ of error to the Circuit Court of Talladega county, and there assigned for error:

1. That the County Court erred in giving judgment against the plaintiff in error by default.

2. In rendering judgment against plaintiff in error for costs.

3. In rendering judgment of dismissal against plaintiff in error.

The Circuit Court affirmed the judgment of the County Court, from which judgment the plaintiff prosecutes this writ of error, and assigns for error the judgment of the Circuit Court.

Stone, for plaintiff in error.
Moore, contra.

ORMOND, J.—The judgment of the Circuit Court in this case, cannot be sustained. The statute regulating appeals from the judgments of justices of the peace, provides that "no appeal shall be tried unless it appear to the court that the appellee, his agent or attorney, shall have had five days notice of such appeal previous to the term at which the same shall be tried, or unless the return of *non est inventus*, be made by the constable on the notice issued by the justice, and for want of such notice or return, the cause shall stand for trial at the ensuing term." As there was no evidence that the appellee who was plaintiff before the justice, had notice of the appeal as required by the statute, the cause should have been cont'nued to the succeeding term of the Court; it was therefore error in the County Court to dismiss the cause at the first term for want of prosecution.

It is, however, insisted by the counsel for the defendant in error, that the statement of the justice shows that the plaintiff had notice of the appeal. This he supposes is shown by the recital of the magistrate, that the *motion* given to the defendant is lost; *motion* being, as he supposes by mistake, written for notice. As, however, the proceeding was commenced by motion before the magistrate, (probably against a constable)

there can be no doubt that is the "motion" referred to by him, especially as no warrant is sent up, and no proceeding but the judgment was rendered on motion.

He also maintains that, as the plaintiff directed satisfaction to be entered on the docket of the magistrate after the appeal was taken, he therefore must have had notice of the appeal.

We do not think this by any means a necessary consequence; but if he did know that an appeal had been taken by the defendant, he certainly had a right to suppose that the appeal was abandoned by him, if as it is fair to presume, the satisfaction was entered in consequence of the payment by the defendant, of the judgment. Be this as it may, it is certain that no satisfactory evidence existed that the plaintiff had notice that an appeal was taken.

The judgment of the Circuit Court is therefore reversed, and the cause remanded.