## TAYLOR v. ACRE.

1. When a suit by attachment is improperly commenced in the name of the party to whom a note not negotiable is transferred without indorsement, instead of using the name of the person having the legal interest, and the cause is afterwards appealed to the Circuit Court, the defect cannot then be cured by substituting the name of the proper party in the declaration: Nor can the note be allowed to go to the jury as evidence under the money counts in a declaration in the name of the holder, without proof of a promise to pay him the note.

Writ of error to the Circuit Court of Lowndes.

THIS suit was commenced by Taylor, against Acre, and the process is an attachment, returnable before a justice of the peace. Taylor had judgment, and Acre appealed to the Circuit Court, where he filed a statement in the name of S. A. McMeans, for his use, declaring on a promissory note for $25, dated 8th January, 1838, payable to S. A. McMeans or bearer. This statement was stricken from the file on motion of the defendant, on the ground that it made a change of parties. The plaintiff then filed a statement containing the common counts, and under this offered in evidence the same promissory note which is described in the statement stricken out. This was excluded by the Court, the plaintiff not proposing to offer any evidence of the defendant having promised to pay the same.

Taylor v. Acre.

The plaintiff excepted to these several rulings, and they are now assigned as error.

BOLING, for the plaintiff in error, argued, that the course pursued was the only one open to the plaintiff. He could not properly swear the defendant was indebted to McMeans, when he himself held the evidence that the debt was transferred. Being entitled to commence his suit by attachment, some means must be provided to declare in such a suit, and here the only two proper have been pursued. The introduction of McMeans as a party was a formal matter which the Court should have allowed; or if this cannot be allowed, then the evidence of the note should have been let in under the common counts. [Gillespie v. Wesson, 7 Porter, 459.]

No counsel appeared for the defendant.

GOLDTHWAITE, J.—This case is the same as that of Moffat v. Wooldridge, 3 Stewart, 322, and must be governed by that decision, unless the circumstance, that the leading process being attachment, creates a substantial difference. It is supposed the party holding the beneficial interest in a note, without the legal title, must sue in his own name, as he is unable to swear the defendant is indebted to the nominal plaintiff. We can perceive no difficulty in instituting a suit by attachment which will not obtain to the same extent, in bailable process; but in either case the affidavit would properly be, that the defendant was indebted to the *nominal* for the benefit of the *real* party, and the bond would conform in its recitals to the facts of the cause.

The attempt to introduce the note, under the statement filed subsequently, was properly repelled by the Court, under the circumstances, for the plaintiff could not be permitted to succeed, without showing himself invested with a legal right of action; and to make this out, a promise to pay the note to the party having the beneficial interest was essential, in the absence of an indorsement.

There seems to be no error in the record. Judgment affirmed.