Otis et al. v. Thorn.

---

## OTIS ET AL. vs. THORN.

1. After the issuance of an attachment against a steamboat under the Act of 17th January 1844, the proceedings should so far conform to the nature of the admiralty practice, as that the declaration be filed against the boat itself, and not against the owners, and the owners be allowed to intervene and make themselves parties to the suit, if they desire to do so.

2. If process issue against one, and a declaration is filed against another person, the latter should not be put to his plea, but may set it aside on motion.

ERROR to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

Lockwood, for the plaintiffs in error:

1. The declaration is a nullity. The writ does not warrant it. The parties are other and essentially different from those in the writ.—Elliott & Smith, use of Haralson, 1 Ala. 76 ; Sexton v. Roane, 7 ib. 829 ; Moffatt v. Singleton, 3 Stew. 322.

2. Stipulators are not parties to the suit. The bond given by stipulators under a former statute is the same as in this case.—Livingston v. Steamboat Tallapoosa, 9 Port. 116 ; Witherspoon v. Wallis et als., 2 Ala. 668.

3. The liability of the defendants, (if any,) results either from their ownership of the steamboat, or from their being obligors in the stipulation bond. If they are liable as owners, the plaintiff should have proved them to be owners. It is a material averment in the declaration.—Williams & Hitchcock v. Taylor, 4 Port. 241; Jones et al. v. Pitcher & Co., 3 S. & P. 135. This is an action *ex delicto,* and such of the defendants as are proved to be owners may be found guilty, and such as are not proved to be owners, may be discharged.—Jones et al. v. Pitcher, 3 S. & P. 161. If the liability of the defendants arises from their becoming obligors to the bond, then the judgment should have been against all the obligors. Such is the language and intent of the statute.

4. If the proceedings are instituted against the boat only, they must be continued to the verdict or judgment against it. There is no authority in the statute to make other parties during the progress of the suit, nor does the common law authorise it. The rights of the obligors to the bond are essentially changed by the selection of one or two of them, and proceeding to judgment, and thereby relieving the others. The parties to the bond, not made parties to the suit, may be the real parties in interest.

Wm. G. Jones, for the defendant:

1. This is not a proceeding *in rem.* It is not an admiralty proceeding. It is much more analogous to our ordinary proceeding by attachment. In two respects only, does it differ from an ordinary attachment, first, in being allowed in *case* for unliquidated damages ; secondly, in not requiring the name of any defendant to be inserted in the process. If the foregoing view of the statute be correct, the plaintiff was allowed to file his declaration against the defendants, and there was no error in the court below, in refusing to strike out the declaration.

2. The motion being properly overruled, if there was any non-joinder or mis-joinder of parties the defendants should have pleaded in abatement. If there was any other defect in the declaration, they should have demurred. They did not do either of these things, but pleaded " not guilty," and went to trial on that issue.

3. The court properly considered and decided that in this proceeding, and under the issue tried, it was immaterial whether the defendants were owners of the steamboat or not. By giving the bond they did, they became liable to the judgment and execution on the judgment, whether they were owners or not. The bond was joint and several, and the liability was joint and several.

DARGAN, C. J.—This suit was commenced by the defendant in error, under the act of 1844, against the steamboat Lowndes, for running down a ferry boat, having on board a stage coach belonging to the plaintiff, whereby the stage was sunk and lost. The plaintiff having made the oath required by the statute before a justice of the peace, he issued an attachment against the boat, her tackle, apparel, and furniture, returnable to the Circuit Court of Mobile. The sheriff seized the boat under this writ and had her in possession. Afterwards Robert Otis, Henry L. Jayne, John M. Dabney and William A. Smith, gave a replevy bond, with condition to pay such judgment as should be rendered in the cause in favor of the plaintiff. At the return term of the writ the plaintiff filed a declaration, in the nature of a declaration in an action on the case, against Robert Otis and Henry L. Jayne, two of the obligors in the replevy bond, as owners of the boat, thus making them defendants, who moved the court to set aside the declaration, but their motion was overruled, whereupon they filed the plea of not guilty, and a jury being empannelled to try the issue, returned a verdict in favor of the plaintiff for two hundred and fifty-six dollars, upon which the court rendered judgment against Robert Otis and Henry L. Jayne alone. In the progress of the trial, the judge sealed a bill of exceptions, which shows that the defendants requested the court to charge the jury, that if there was no evidence of their ownership of the boat, they should find a verdict in their favor. This the court refused, and charged that in this action the question of ownership did not arise and need not be proved.

It is now contended that the declaration should have been against the boat itself, and not against the defendants as owners, and therefore, the court erred in refusing the motion to set aside the declaration. Whether the declaration should have been against the boat itself, depends upon a proper construction of the statute under which this suit was brought. Before the enactment of this act, it was frequently the case that steamboats running our rivers committed injuries which were never redressed, because the owners of such boats were unknown, or if known were insolvent. To remedy this evil, the statute, under which this suit is brought, was passed, the first section of which provides for the issuance of an attachment against any steamboat, or other water craft, that might run down, run into, run against, sink, stave, fall afoul of, or injure any other steamboat, flat boat, or other water craft, or any property on board thereof, which writ shall be directed to the sheriff, requiring him to seize and take possession of such boat, her tackle, apparel, and furniture, and retain the same until discharged by due course of law. The second section makes it the duty of the sheriff to retain the boat in his possession, to answer the judgment that may be rendered, unless the master, owner, or some other person, will give bond to the plaintiff, with security, conditioned to pay the judgment that may be rendered in favor of the plaintiff with all costs, upon the execution of which the boat shall be discharged by the sheriff. The bond thus taken shall be returned to the court to which the writ is made returnable, and upon the rendition of judgment, execution is to issue against the obligors in said bond. This section also provides that the master, owner, or some other person, may give bond and security, with condition to pay the value of the boat, her tackel, apparel, and furniture, at the time the attachment is issued, or so much of the value as will satisfy the judgment that may be recovered, with all costs, which is to be returnable to the court in like manner, and execution may also issue against the obligors therein. The fourth section of the act provides that the attachment shall be returnable to the Circuit or County Court of the county, in which it may be executed, and that the declaration and subsequent proceedings shall conform to an action on the case for the injury. These are the only parts of the act, necessary to an understanding of the question before us, and notwithstanding the declaration and subse-

quent proceedings are required to conform to an action on the case, I am entirely satisfied that the proceeding under this statute, after the issuance of the attachment, must to some extent conform to the nature of the admiralty practice. If we should hold that the rules of the common law courts should strictly govern this action, and the owner was unknown, and the boat not replevied, then no declaration could be filed, and the remedy intended to be afforded by the statute, in the case supposed, would be unavailing, for it might never appear who the owner was. Again, if we allow a declaration to be filed against the obligors in the replevy bond, without regard to the question of ownership, then, in strict conformity with the rules of the common law, the owner could not make himself a party or plead to the action, notwithstanding his rights were involved, and thus his property might be taken from him without his having had an opportunity to be heard in court. To give full effect then to the remedy intended to be afforded by the act, and at the same time to allow the owner of the boat to interpose his claim, and protect his rights, we must hold that the proceedings must conform to the nature of the admiralty practice to this extent, that the declaration should be against the boat itself, and not against the owners, and that the owners of the boat must be allowed to interpose their claim and to defend the suit if they wish. How their claim shall be interposed, it is unnecessary to decide, but the practice in the admirality courts would furnish a clear and simple guide. By requiring the proceedings under this statute to conform to the admiralty practice to this extent, we give full effect to the remedy intended to be provided by the act, and at the same time afford to the owners of boats an ample opportunity to protect their interest by permitting them to intervene, as in admiralty cases, and thus making themselves parties to the suit.

2. As the declaration should have been against the boat, and not against two of the obligors in the replevy bond, we think the court erred in refusing to set aside the declaration. The correct practice is this ; if process be issued against one, and the declaration be filed against another, he may move to set it aside, and should not be put to his plea, for he is not in court. This rule, we think, is fully sustained by the cases of Elliott v. Smith & Co., 1 Ala. 75 ; Sexton v. Roane, 7 ib. 829 ; and 3 Stew. 322. It is not, however, to be understood that we intend to

decide that, when the process and the declaration are against the same party, but there has been a misnomer in the process, which is set right in the declaration, the court will set the declaration aside on motion. That question is not raised in this case, and therefore, it is not decided. As we think the court erred in re- fusing to set aside the declaration, it becomes unnecessary to examine the other questions growing out of the bill of excep- tions, as they will not arise in another trial, when the declaration is against the boat itself. Let the judgment be reversed, and the cause remanded for further proceedings.