## GOSS et al. *vs.* DAVIS.

1. After a cause which was taken to the Circuit Court by appeal from a justice of the peace, has been once continued, it is too late for a party to object that he had no notice of the appeal; especially, when the judgment entry recites that " the parties were present at the previous term."

2. A motion to dismiss the appeal, for the want of a sufficient appeal bond, should be made at the first term of the court to which the appeal is taken.

3. Although a judgment against one of the joint makers of a note, who are all sued jointly and served with process, is a discontinuance of the action; yet, where the proceedings are instituted before a justice of the peace, and a final judgment is rendered in the case, which is taken by appeal to the Circuit Court, the cause must be there tried *de novo*, without regard to any defect in the proceedings had before the justice.

ERROR to the Circuit Court of Macon.

Tried before the Hon. ROBERT DOUGHERTY.

CLOPTON & LIGON, for plaintiffs in error:

This was a joint action against several defendants. It was erroneous for the justice to render two distinct judgments; one in favor of Davis against John J. and Mary E. Magee on the 25th May, 1850, and the other in favor of Sarah Goss against David Davis, on the 10th August, 1850. True v. Clark, 3 Bibb, 295; Edwards v. Lewis, 18 Ala. 494; Prewitt v. Caruthers, 7 How. Miss. 304; 6 Black. 485.

This error was not cured by an appeal to the Circuit Court; for, although the proceedings in the Circuit Court are *de novo*, yet the appeal in this cause was taken from the judgment in favor of Sarah Goss against Davis. The statute requiring that appeals from a magistrate's court shall be tried according to their equity, does not embrace cases where the inferior officers entirely disregard the general course of law. Hemphill et al. v. Coats, 4 S. & Por. 128.

The court had no power to render judgment against John J. and Mary E. Magee, they having had no notice of the appeal. Wiggins v. Perryman, 4 S. & Por. 94.

RICE & MORGAN, *contra*.

PHELAN, J.—David Davis sued Sarah Goss, John J. Magee and his wife Mary E. Magee, formerly Mary E. Goss, before a justice of the peace, as joint makers of a promissory note. Magee and wife made no defence, and judgment was rendered against them by the justice on the 25th May, 1850, for the amount of the note and interest, and in favor of the other defendant Sarah Goss, who had pleaded *non est factum*, against Davis for costs. Davis, under the statute, took an appeal to a jury. On the 11th August, the case between David Davis and Sarah Goss was submitted to a jury, who returned a verdict in favor of Sarah Goss, and judgment was rendered against him accordingly for the costs by the justice. From this judgment Davis took an appeal to the Circuit Court, and gave bond, which was made payable to Sarah Goss only.

The cause was tried *de novo* in the Circuit Court, and the following is the judgment entry at Spring term, 1851:

David Davis, v. Sarah Goss, John J. Magee and his wife Mary E. Magee. } This case, and another between the same parties, were brought to this court at the last term, by appeal from a justice's court, and were, at the last term, consolidated by consent; and at this term proper and sufficient pleadings, including a declaration containing counts on two promissory notes amounting to seventy-eight $\frac{55}{100}$ dollars, and common counts, were considered as filed as between the plaintiff and all the defendants, no one of the defendants contesting except Sarah Goss, and John J. Magee and his wife Mary E. Magee failing to file any plea; thereupon came a jury," &c. The verdict was for the plaintiff, and judgment was rendered against all the defendants, naming them.

It appears from the bill of exceptions, that a motion was made at the trial term to dismiss the appeal as to John J. Magee and Mary E. his wife, on the ground that no notice had been given to them of the appeal, and that no appeal bond had been executed to them. The motion was overruled.

The court was requested to charge the jury, that the judgment against said John J. Magee and Mary E. his wife, in May, 1850, operated as a discontinuance of the suit as to Sarah Goss, and that plaintiff could not recover in this action; which charge the court refused.

These two matters are assigned for error. There is another assignment of error, relating to the competency of Mary E. Magee as a witness for Sarah Goss, but this has not been noticed in the brief, and is therefore considered as abandoned.

It is too late, after a cause has been once continued, for a party to object that he has not had notice of an appeal. Hancock v. Holmes, 3 Ala. 9. It would also appear from the judgment entry, that the "parties" at the previous term were present, and consented to a consolidation of the two causes.

The motion to dismiss the appeal for the want of a sufficient appeal bond, came too late. It should have been made at the previous term. Payne v. Martin, 1 Stew. 61; ib. 407.

The charge requested by the defendants was properly refused. Although it be true, that a judgment against one of

the joint makers of a note, who are sued jointly, and upon whom process has been executed, is a discontinuance of the action, and the course pursued by the justice of the peace may be liable to that objection, it cannot be pretended there is not a final judgment in the case. Whenever that is the case, an appeal will lie, and when brought into the Circuit Court the cause must be tried *de novo*, without regard to any defect in the proceedings before the justice. Hart v. Turk, 15 Ala. 775, and authorities there cited. The only strict rule to which such proceedings are subjected is that there must be no change of parties. 8 Ala. 491; ib. 810.

Let the judgment be affirmed.