# Davis Avenue Railroad Company *v.* Patrick Mallon.

## *Amendment.*

1. *Amendment, statute of; what does not authorize.*—While our statute of amendments is exceedingly liberal in its terms, it has never been held to authorize the striking out of a sole party, either plaintiff or defendant, and the substitution of another; and this rule has been steadily maintained in the case of appeals from the judgments of justices of the peace.

2. *Same; what a departure, and not allowed.*—Where suit in the justice's court was against "D. McG., President Davis Avenue Railroad Company," a complaint in the Circuit Court against "Davis Avenue Railroad Company," is a departure, and can not be allowed; as it would introduce an entirely new party.

APPEAL from Circuit Court of Mobile.

Tried before Hon. HARRY T. TOULMIN.

The appellee, Mallon, sued "Daniel McGill, President of the Davis Avenue Railroad Company," before a justice of the peace, and recovered judgment against him. On appeal to the Circuit Court, Mallon filed a complaint against "The Davis Avenue Railroad Company." Appellant thereupon moved to strike the complaint from the file, on the ground that it was a substitution of a new party defendant, made a new case, and was unauthorized by the statute of amendments. The court overruled the motion, and the cause proceeded to trial, resulting in a verdict and judgment against appellant.

BOYLES & OVERALL, for appellant.

ALEX. McKINSTRY, *contra.*

[Henderson v. Marx et al.]

STONE, J.—While our statute of amendments is exceedingly liberal, it has uniformly been held that it is not permissible to strike out a sole party, either plaintiff or defendant, and insert another.—*Leaird v. Moore*, 27 Ala. 326; *Friend v. Oliver*, ib. 532; *Crimm v. Crawford*, 29 Ala. 623.

And the same rule has been maintained steadily in cases of appeal from judgments of justices of the peace, although such causes are required to be "tried according to equity and justice, without regard to any defect in the summons or other proceeding before the justice." And when, in case of appeal or otherwise, the attempt is made to file a complaint in a name, or names, entirely different from those employed in the bringing of the suit, the proper remedy is a motion to reject such complaint on account of the departure. *Moffett v. Wooldridge*, 3 Stew. 322; *Elliott v. Smith*, 1 Ala. 74; *Taylor v. Acre*, 8 Ala. 491; *Mooney v. Ivey*, ib. 810; *Wilson v. Collins*, 9 Ala. 127; *Sexton v. Rone*, 7 Ala. 829; *Otis v. Thorn*, 18 Ala. 395, 399.

The summons from the justice of the peace, which was the commencement of the present suit, was against "Daniel McGill, President Davis Avenue Railroad." The complaint filed in the Circuit Court was entitled "Patrick Mallon, plaintiff v. Davis Avenue Railroad Company." It requires no argument to show that this was an entire change of the party defendant, and the motion to reject the complaint ought to have been sustained. This case comes directly within the principle declared in *Otis v. Thorn, supra*.

Reversed and remanded.