# Freeman *v.* Speegle.

*Appeal from Justice's Court; Statutory Detinue.*

1. *Departure; how taken advantage of*—In an appeal case from a justice's court, if the complaint filed is a departure from the original cause of action as indorsed on the summons, the objection should be taken, not by demurrer, but by motion to reject the complaint, or to strike it from the files.

2. *Complaint and pleadings in justice's court.*—In a justice's court, the pleadings are not governed by strict technical rules, and no formal complaint is required; and if a complaint is filed in debt or assumpsit, while the summons and other papers in the cause show that the action is for the recovery of personal chattels *in specie,* a proper complaint may be filed in the Circuit Court on appeal.

3. *When plaintiff may recover against bailee.*—The plaintiff being a part owner of the chattels sued for, and having acquired the interest of the other part owner before suit brought, may recover in detinue against a bailee of the latter.

APPEAL from the Circuit Court of Cullman. Tried before the Hon. H. C. SPEAKE.

GEO. H. PARKER, for the appellant.

W. T. L. COFER, and J. W. AUSTIN, *contra*.

SOMERVILLE, J.—It is contended by the appellant that the cause of action in the Circuit Court, which was one for specific property, or in detinue, was a departure from that in the justice's court, whence it was brought by appeal. The complaint filed before the justice was in debt, or assumpsit, claiming twenty-five dollars in money for certain chattels.

The proper mode of raising this question of *departure* was by motion to reject the complaint filed in the Circuit Court, or to strike it from the files. It could not be raised by demurrer.—*Davis Ave. R. R. Co. v. Mallon*, 57 Ala. 163.

The action disclosed by the proceedings in the justice's court was, we think, one in detinue, not in debt or assumpsit. Its nature in this case must be determined, not alone by the complaint, but by the other papers and process in the cause. That it was an action for specific property is shown by the affidavit of the plaintiff describing the property claimed; the summons, which characterizes it as an action of "detinue;" the mandate to the constable to take possession of the property, and the bond given in the suit, to say nothing of the plea of "not guilty," which was probably intended for the general issue in an action of detinue. That the justice's judgment was rendered for damages, did not avail to change the nature of the action. On appeal, that judgment was set aside and annulled; and the trial in the Circuit Court was *de novo* on the merits of the cause, "according to equity and justice, without regard to any defects in the summons, or other process before the justice."—Code, 1876, § 3121; *Abrams v. Johnson*, 65 Ala. 465; *Elmore v. Simon*, 67 Ala. 528; *Littleton v. Clayton*, 77 Ala. 574. The statute requires only that the cause of action should be indorsed on the summons. It requires no formal declaration, or complaint. Code, § 3604. Nor are the pleadings in justices' courts subject to strict or technical rules. When the sum claimed exceeds twenty dollars, the cause is required to be tried "upon an issue to be made up under the direction of the court." Code, 1876, § 3122; *Western Union Telegraph Ce. v. Meyer*, 61 Ala. 158.

[Roper v. Burke.]

The filing of the complaint in the justice's court was, therefore, not absolutely necessary, in view of the statement of the cause of action in the summons, which, in the absence of objection, supplied the place of an indorsement on it. The complaint filed before the justice, being itself a departure from the real cause of action, was properly rejected, and the one filed in the Circuit Court was properly allowed to stand.

There was no error in the charge given. The defendant claimed the property in controversy only as the bailee of Stephen Bates, who was a part owner; and if the latter sold his undivided interest to the plaintiff, the other part owner, before the bringing of this suit, the plaintiff would be entitled to recover by reason of his superior legal title.—*Jackson v. Rutherford*, 73 Ala. 155.

We discover no error in the record, and the judgment is affirmed.