# Louisville & Nashville Railroad Company *v.* Barker.

*Action against Railroad Company for Killing Sheep.*

1. *Waiver of objection to jurisdiction of justice of the peace.*—On appeal from the judgment of a justice of the peace, his want of jurisdiction can not be availed of unless the objection thereto was made before him.

2. *Departure; how taken advantage of.*—On appeal from the judgment of a justice of the peace, if the complaint filed in the appellate court is a departure from the case as made in the justice's court, the objection should be taken, not by demurrer or plea in abatement, but by motion to reject the complaint filed in the appellate court, or to strike it from the files.

3. *Statutory liability of railroad companies, for killing stock; burden of proof.*—In an action against a railroad company for the killing of plaintiff's sheep by the defendant's train, the burden of negativing negligence is upon the defendant.

4. *Bill of exceptions, what is part of.*—Where the court signs addenda to the bill of exceptions, with a recital that "the court signs the foregoing bill of exceptions with the following *addenda*," all matters stated in the *addenda*, proper in themselves to be stated in the bill of exceptions, are as much a part thereof as if they had been incorporated in the bill of exceptions as originally written out.

5. *Recalling witness; what is revisable.*—Where the defendant proposes to recall a witness who has already testified for the plaintiff, been cross-examined, examined in rebuttal, and re-examined by counsel for the defendant, in the absence of any intimation given to the court that defendant desires to examine the witness as to new matter not proper to be elicited on cross-examination, it is within the discretion of the trial judge to allow, or refuse to allow, the further examination proposed, and the exercise of that discretion will not be reviewed.

6. *"Reckless"; meaning of, as used in complaint.*—The word "reckless" as employed in the complaint in an action against a railroad company to recover damages for "the negligent, careless, and reckless killing" of live stock, implies no more than a want of that degree of care required by law of the defendant's employes.

APPEAL from the City Court of Decatur.

Tried before the Hon. WM. H. SIMPSON.

This was an action brought by the appellee, Joseph Barker, against the appellant, the Louisville and Nashville Railroad Company, a corporation, on June 16, 1890, before a justice of the peace, the plaintiff claiming of defendant "$87.00 due by account for the killing of 25 sheep by said railroad company, made by defendant on the 6th day of June, 1890, and due and payable on the — day of June, 1890; and plaintiff avers that this account is due and unpaid." The defendant pleaded before the justice of the peace that it did not owe plaintiff in manner and form set forth in said complaint. The justice rendered judgment for the plaintiff for $87.50, and the defendant appealed from this judgment to the City Court of Decatur. The plaintiff filed a complaint in the City Court, claiming of the defendant $87.50 "damages for the negligent, careless, or reckless killing by the cars or locomotive of defendant railroad company of twenty-five sheep, the property of the plaintiff." The defendant filed a motion in the City Court to dismiss the cause, "because the justice of peace, before whom the suit was commenced, had no jurisdiction of the subject-matter, as appears on the face of the proceedings, both in the complaint and the amount of the judgment rendered by said justice of the peace." This motion was overruled. The defendant then demurred to the complaint filed in the City Court, on the grounds, 1. That said complaint was a departure from the complaint filed before the justice of the peace; 2. That the complaint filed in said court was *ex delicto*, and the complaint filed before the justice of the peace was an action *ex contractu;* 3. That actions *ex contractu* and *ex delicto* were joined, and 4. Because said complaint was repugnant in this, that it alleged that said injury was caused by the carelessness or recklessness of the defendant. This demurrer was overruled. The defendant pleaded in abatement that the complaint filed in the City Court was a departure from the original action brought before the justice. This plea in abatement was likewise overruled. The defendant then pleaded in bar. On the trial, the plaintiff, who was the only witness examined, testified that he owned the twenty-five sheep which were killed by the defendant's train going south from Decatur; that the track from town to where the sheep were killed was straight, and the view unobstructed. After the plaintiff had announced that he was through with his evidence, the defendant offered to introduce the plaintiff as a witness in its behalf. The court refused to allow defendant to examine plaintiff as a witness in its behalf, and to this ruling the

defendant duly excepted. When the cause was submitted in this court, the appellant moved to strike from the record the addition to the bill of exceptions which is referred to in the opinion.

HARRIS & EYSTER, for appellant.

WERT & SPEAKE, contra.

McCLELLAN, J.—It seems to be well settled by the decisions of this court that, on appeal or statutory *certiorari* from the judgment of a justice of the peace, the want of jurisdiction in the primary court can not be availed of unless objection thereto has been taken before the justice.— *Glaze v. Blake*, 56 Ala. 379; *Burns v. Henry*, 67 Ala. 209; *Western Railway Co. v. Lazarus*, 88 Ala. 453.

When the lack of jurisdiction appears from the complaint filed in the justice's court, advantage of the fact may be taken by motion to dismiss the action, and where it does not appear on the face of the complaint, the facts showing a want of it may then be set up by plea in abatement, denying jurisdiction.—*Burns v. Henry*, 67 Ala. 210, and authorities there cited.

In the case at bar it did not appear from the complaint that plaintiff's claim was in tort and for damages in excess of the justice's jurisdiction in that character of action, but it might well have been averred in a plea in abatement, in effect, that the gravamen of the action was the wrongful conduct of the defendant resulting in the death of the live stock for the loss of which damages are claimed, and such plea would have efficiently raised the issue of jurisdiction; or, it would *seem*, that an informal objection taken after the evidence had disclosed the cause of action as arising upon an alleged tort of the defendant, would have been sufficient to present the question of jurisdiction in such sort that defendant would not be precluded from insisting upon it on appeal. *Knowles v. Steed*, 79 Ala. 427. But no objection, in any form, having been taken to the justice's jurisdiction while the case was in that court, the motion to dismiss the case made on that ground in the City Court was properly overruled.

Nor do we think that the trial court erred in its rulings on the question of the alleged departure in the City Court from the case made in the justice's court. As was said in *Freeman v. Speegle*, 83 Ala. 191: "The proper mode of raising this question of *departure* was by motion to reject the complaint filed in the Circuit [City] Court, or to strike it

from the files. It could not be raised by demurrer," (citing *Davis Ave. R. R. Co. v. Mallon*, 57 Ala. 163,) or, we may add, by plea in abatement, which were the only methods resorted to in this case to present this point. And, moreover, had the question been properly raised in the City Court, there is no merit in it; and the ruling of the court to that effect is free from error.—*Freeman v. Speegle, supra*, and authorities there cited.

There can be no doubt that the burden of negativing negligence, in cases like this, is upon the defendant.—*Ga. Pac. Ry. Co. v. Hughes*, 87 Ala. 610; *A. G. S. R. R. Co. v. Moody*, 90 Ala. 46; *A. G. S. R. R. Co. v. Moody*, 92 Ala. 279. The case of *Montgomery & Eufaula R. R. Co. v. Perryman*, 91 Ala. 413, to which our attention is invited, is manifestly distinguishable from the present case.

Another assignment of error is based upon the refusal of the trial court to allow the defendant to introduce and examine the plaintiff as its own witness. The facts in this connection are set forth by way of an addition to the bill of exceptions as presented for the signature of the judge, and in respect thereto the recital is that "The court signs the following bill of exceptions with the following *addenda.*" We have do doubt but that all matters stated in these *addenda*, proper in themselves to be stated in the bill of exceptions, are as much a part thereof as if they had been incorporated in the bill of exceptions as originally written out. It is equally clear, we think, that the facts and circumstances under which the court refused to allow defendant to examine the plaintiff were matters proper to be stated in the bill of exceptions. These facts and circumstances were the following: "Joe Barker, the plaintiff, was introduced as a witness for himself, and was examined in chief and cross examined at length, examined in rebuttal, and re-examined by counsel for defendant." It is apparent from his testimony, as set out in the bill of exceptions, that his examination covered not only the facts necessary to make out a *prima facie* case for himself, but also facts tending affirmatively, and aside from the presumption of law in such cases, to show negligence on the part of the defendant. This being so, the defendant had a right, of which doubtless it availed itself, to cross-examine the witness on every phase of the case. Certainly, the presumption that every pertinent fact was elicited on the cross-examination will be indulged where, as here, no intimation was given the court that defendant desired to examine the witness as to new matter not proper to be elicited on cross-examination. Under these

[Goodyear Rubber Co. v. George D. Scott Co.]

circumstances, we are clear that it rested in the sound discretion of the presiding judge to allow or refuse to allow the further examination proposed; and the exercise of that discretion will not be reviewed.—*Riley v. State*, 88 Ala. 193; *Dyer v. State*, 88 Ala. 225; *Phoenix Ins. Co. v. Moog*, 78 Ala. 284; *Drum v. Harrison*, 83 Ala. 384; *Hall v. Pegram*, 85 Ala. 522.

As quite recently decided by this court, the word "reckless," as employed in the complaint in this case, should be construed to mean no more than a want of that degree of care which the law required of defendant's employees in the operation of the train which collided with plaintiff's cattle. With this construction, the complaint is not open to the objection of repugnancy which is taken by the demurrer. *Kansas City, Mem. & B'ham. R. R. Co. v. Crocker*, 95 Ala. 412.

The judgment of the City Court is affirmed.