# James v. Vicors.

## Attachment.

1. *When the demand is ex contractu; departure.*—When the affidavit for an attachment before a justice of the peace avers that defendant is justly indebted to the plaintiff in the sum named after allowing all just offsets and demands, the action is *ex contractu;* and a complaint *ex delicto* filed on appeal to the circuit court, is a fatal departure.

2. *Remedy for departure.*—If the plaintiff begins his action *ex contractu* before a justice of the peace, and on appeal files a complaint *ex delicto*, a motion to strike is the proper remedy.

APPEAL from Bridgeport City Court.

Tried before the Hon. SAM W. TATE.

The case is stated in the opinion.

TALLY & PROCTOR, for appellant, cited, Code of 1886,. §3405; *Freeman v. Speegle,* 83 Ala. 191; *L & N. R. R. Co. v. Barker,* 96 Ala. 435.

J. F. BROWN, *contra,* cited, *Leatherwood v. Suggs,*. 96 Ala.. 383; *Springfield F. & M. Ins. Co. v. DeJarnett,*. 11 Ala. 248; *T. & C. R. R. Co. v. Danforth & Armstrong,* 112 Ala. 80; *Mobile Life Ins. Co. v. Randall,* 74 Ala. 170;. *Turner v. Rountree,* 30 Ala. 706.

BRICKELL, C. J.—The suit originated before a justice. of the peace, and was commenced by attachment,. issuing, on the ground of the residence of the defendants without the State, the affidavit stating that the defendants were indebted to the plaintiff "in the sum of $56, fifty-six dollars, after allowing all just offsets and demands." On a hearing before the justice, judgment was rendered in favor of the plaintiff for fifty-six dollars and costs of suit, from which an appeal was taken to the city court. In that court, the plaintiff filed a complaint containing three counts, each founded on contract, to which the defendants filed pleas. Thereafter, the plaintiff filed

[James v. Vicors.]

an amended complaint containing two counts—the first, in substance and legal effect in trover for the conversion of a gray mare; the second, in case, for the sale or other disposition of a horse, on which the plaintiff alleged the statutory lien of a landlord for rent. The defendants pleaded to the amended complaint, not guilty, but were permitted to withdraw the plea, and then moved to strike the amended complaint from the files, because it was a departure from the cause of action on which the attachment sued out before the justice, was founded, and a change of the form of action from an action *ex contractu*, to an action *ex delicto*. The motion was sustained—the amended complaint stricken from the files, and the plaintiff suffered a non-suit, which he now moves to set aside.

Granting the defendants leave to withdraw the plea they had filed to the amended complaint, to say the least, was matter of discretion to the trial court, not revisable on error. 1 Brick. Dig. 774, §4. The proper mode of raising the objection that the amended complaint departed from the cause, or form of action, as it was instituted before the justice, was by motion to strike it from the files. *Davis Ave. R. R. Co. v. Mallon*, 57 Ala. 168; *Freeman v. Speegle*, 83 Ala. 191; *L. & N. R. R. Co. v. Barker*, 96 Ala. 435. The attachment was sued out for the recovery of a debt, the amount of which, and that it was justly due or owing, the plaintiff was required to verify by oath, and the affidavit made by the plaintiff substantially conforms to the requirements of the statute. (Code, 1896, §527.) The affidavit fixes the character and form of the action—it is *ex contractu*, and not *ex delicto*. Obviously the real and only question now involved is, whether on appeal, the plaintiff may by complaint, change the cause and form of the action, converting it from an action for breach of contract into an action for the recovery of damages for a tort; and this question must be answered negatively. *Pike v. Bright*, 29 Ala. 332; *Freeman v. Speegle, supra; L. & N. R. R. Co. v. Barker, supra; Davis Ave. R. R. Co. v. Mallon, supra*.

It is an error to suppose, as seems to be the insistance of the appellant, that such a radical departure from the form and cause of action as instituted before the justice was authorized by anything decided, or said in *Freeman v. Speegle, supra*, or in *L. & N. R. R. Co. v. Barker, supra*. In the first case, which was an action of detinue, as was

[Crawford v. Crawford.]

shown by the process issued by the justice, the affidavit of the plaintiff for an order of seizure of the chattels, and the mandate to the constable to take posession of them, the plaintiff before the justice filed a complaint which was in debt or assumpsit. The filing of the complaint was unnecessary—was in itself a departure, and was decided not to be an impediment, on appeal, to the filing a complaint corresponding to the process by which the suit was instituted. In the second case, the complaint before the justice claimed a specific sum for the killing of sheep, alleging that it was due by account. On appeal, the plaintiff filed a complaint in case for the negligent, careless, or reckless killing the sheep. The *gravamen* of each complaint was the killing of the sheep, in itself a tort, excluding every element of contract, express or implied, and the complaint, on appeal, simply cured the irregularity of the complaint before the justice.

The statute (Code, 1896, §488) requires that on appeal from the judgment of a justice of the peace, "the case shall be tried *de novo* and according to equity and justice, without regard to any defect in the summons, or other process, or proceedings before the justice." The statute has never been construed as authorizing the making of a *new case* on appeal, either by an entire change of parties or by such a radical departure from the cause of action as made before the justice, as is involved in the conversion of an action *ex contractu* into an action *ex delicto*. There is no defect in the affidavit, or the attachment, each corresponds to the statute, and they will support no other than an action *ex contractu*. If either had been defective in form or substance the defect could have been cured by amendment. Curing such defect is one thing, and a radical departure from the nature and character of the cause of action expressed in regular process is another and essentially different thing. We find no error in the rulings of the court below, and the judgment is affirmed.