## JONES *vs.* BUCKLEY,

1. On an appeal from a judgment rendered by a justice of the peace, a statement of the cause of action which does not set forth the amount sued for is defective.

2. When the plaintiff sues for the work and labor of her minor son, she must aver in the statement of her cause of action, that the father of the minor is dead, or that she is entitled to the minor's services, as guardian or otherwise.

ERROR to the City Court of Mobile. Tried before the Hon. Alexander McKinstry.

C. W. RAPIER, for plaintiff in error :

In cases of appeal from justices' courts, if the amount in controversy be over twenty dollars, there must be a statement of the cause of action, and though such statement is not required to be in conformity with technical rules of pleading, yet it should set forth a substantial cause of action, and contain the material facts of a declaration.—4 Por. 509 ; 1 Ala. 297 ; 1 Stew. 266,

No amount is mentioned in the statement in this case, but the amount in controversy is ascertained by the recovery.—Cothran v. Weir, 3 Ala. 24.

The statement is defective because it shows not the amount sought to be recovered. But particularly and fatally is it defective, because it shows no right in the plaintiff, who is represented as the mother of the minor, to maintain the action.

In an action by a mother for the services of her minor son, it must be averred in the declaration that the father is not living, and that she is entitled to the services of the minor as guardian

or otherwise.—Burk v. Phips, 1 Root, 487; Jones v. Tevis, 4 Littell 25; 15 Mass. 274; 18 Wend. 637.

COLEMAN, J.—The plaintiff in the court below recovered a verdict and judgment for fifty-three dollars, upon an appeal from a justice of the peace. The defendant demurred to the plaintiff's statement or declaration, which is in these words:

" ANN BUCKLEY, )    Plaintiff claims from defendant for the
        v.         }  work and labor, care and diligence of her
FRANCIS JONES, )  minor son, Peter."

Although this court has said that it will not scrutinize proceedings of this sort by the technical rules of pleading, yet it has uniformly held that the plaintiff's statement must set forth a substantial cause of action. The foregoing statement is defective in substance, first, in not setting forth the amount claimed or sued for; secondly, in not averring that the father of the minor is not living, or that the plaintiff is entitled to the services of the minor as guardian or otherwise.

The court erred in overruling the demurrer, and therefore the judgment is reversed and the cause remanded.