## GANAWAY & KIMBALL *vs.* THE MAYOR, ALDERMEN, &c., OF MOBILE.

1. Where a cause is removed by appeal or *certiorari* from a justice's court into the Circuit Court, the same nicety and particularity are not required in the statement of the cause of action as in cases commenced in the Circuit Court.
2. But if the statement, which is filed in lieu of a formal declaration, does not show a cause of action, the defendant may demur.
3. In an action instituted before a justice of the peace by the Mayor, Aldermen, &c., of Mobile against the defendant, for the violation of a city ordinance, and removed by appeal into the Circuit Court, the statement is fatally defective on demurrer, if it does not set forth the provision of the ordinance alleged to have been violated.

ERROR to the Circuit Court of Mobile.

Tried before the Hon. L. GIBBONS.

The statement of the cause of action in this case, which was filed in the Circuit Court, is in these words: "This case is brought into this court by an appeal, on part of defendant, from the judgment of C. C. Langdon, Mayor of the city of Mobile, and *ex officio* justice of the peace in and for said county, in favor of the Mayor, Aldermen and Common Council of the city of Mobile against the defendant. Said judgment was rendered June 11, 1850, for the sum of fifty dollars, besides costs of suit, for violating the ordinance of the city of

Mobile that provides, among other things, that if any white person, &c., shall be anytime hereafter, within the limits of the city of Mobile, found in company, or associating, with slaves, at any lawful or unlawful meeting of such slaves, or if he, she or they harbor, secrete or entertain any slave or slaves, without the consent of his, her or their owner or owners, each and every person so offending, and being thereof legally convicted, shall forfeit and pay, for each and every offence, a fine of fifty dollars."

The defendant demurred to this statement, but his demurrer was overruled, and a verdict and judgment were rendered against him. The overruling of the demurrer is now assigned for error.

RAPIER, for plaintiffs in error.

CAMPBELL, contra.

CHILTON, J.—It is true, that in cases of appeal or certiorari from justices' courts to the Circuit Court, the same nicety and particularity will not be required in the statement of the complaint, as in cases commenced in the Circuit Court; yet the statement which the statute requires to be filed in lieu of a formal declaration, must show a cause of action, and if it does not, the defendant may demur. Such has been the constant course of practice upon this subject. Copeland v. Flowers, at this term, and cases there cited; Jones v. Buckly, 19 Ala. Rep., 604.

In the case before us, the statement is fatally defective in failing to set forth what provision of the ordinance of the city of Mobile was violated. It is clear that no cause of action is contained in the statement. The court consequently erred in overruling the defendants' demurrer.

Let the judgment be reversed, and the cause be remanded.