# Mobile & Ohio Railroad Company *v.* Williams.

*Action for Cattle Killed.*

1. *Cattle at large; trespasses by and upon; what law not in force as to.*— The common law doctrine in relation to trespasses by and upon cattle at large has never been of force in this State.

2. *Same; liability of railroad for injury to.*—The owner of cattle, having a right to suffer them to run at large, is not guilty of wilfully or negligently trespassing upon the road, if they wander on its unenclosed track; and if they are killed or injured, by the negligence of the railroad company, it must answer in damages to the owner.

3. *Injury to stock; statutes in relation to, construed.*—The various decisions and statutes, in regard to injuries to stock, by the cars and locomotive of railroad companies examined, and the construction of the statutes now of force, declared as follows :—(1) "A railroad company is liable for injuries to stock, when they result from the negligence of the servants or agents, whenever or wherever it may occur. (2) If the injury occurs at or near a public road crossing, or any regular depot or stopping place, or within the corporate limits of any town or city, or because of an obstruction which could or ought to have been perceived, no degree of diligence will excuse the company from liability, unless all the requirements of the statute have been complied with." (3) "In either case the injury being shown, the burden of proof is on the railroad to acquit itself of negligence, or to show a compliance with the statute."

4. *Complaint, on appeal from justice's court; when sufficient.*—On appeal from a justice's court, where the matter in controversy exceeds the sum of twenty dollars, the parties are entitled to a jury trial, and a statement of cause of action must be filed and issue formed, which can be submitted to the jury. Such a statement, although not subject to the technical rules of pleading, must set forth a substantial cause of action, or the defendant may demur.

5. *Same; when insufficient.*—A complaint, or statement, filed on appeal from a justice's court, in an action to recover damages of a railroad for killing stock, which fails to aver that the killing was negligent, or the result of negligence, on the part of the railroad company, its servants, or agents, does not contain a substantial cause of action.

APPEAL from Circuit Court of Mobile.
Tried before JOHN ELLIOTT.

This was a suit formed by the consolidation by agreement of two causes between the same parties. The cases originated in a justice's court, and the complaint failed to show that the killing was negligent. A demurrer interposed on this account, was overruled. Judgment was rendered in the justice's court for seventy-five dollars and costs. The

[Mobile & Ohio Railroad Co. v. Williams.]

appellant moved, in the justice's court, to dismiss the causes, "as they were not in proper form," which motion was overruled.

On appeal to the circuit court, motion was made to quash the proceeding in the justice's court, and dismiss the causes, because the suit was not in conformity with the provisions of the act in relation to stock killed by railroads. This motion was refused, and appellant excepted. Appellee adopted the complaint filed before the justice, and the demurrer, for want of averment of negligence was again interposed, overruled and exception taken to the ruling of the court.

The evidence showed that the appellee had found an ox belonging to him, dead near the railroad, and that the carcass had the appearance of having been killed by the trains. His cow was found by him, near the same place, with two legs broken. This was all the evidence. The appellant then requested the court to charge the jury, that this evidence would not authorize them to find a verdict for the plaintiff, and was insufficient to sustain the action.

This charge was refused, and the defendant duly excepted. The court then charged the jury, " that if they found that the cattle were killed, by reason of negligence of the defendants, or its servants, they might find for the plaintiff, and that in this action they might presume negligence, upon mere proof of killing, unless negligence had been rebutted by the defendant."

This charge was duly excepted to. The various rulings of the court to which exceptions were reserved, are now assigned as error.

GEORGE N. STEWART, for appellant.—The demurrer to the complaint should have been sustained. To make the company liable, it must be either for causes set forth in the statute, or for causes creating a liability at common law. To create a liability at common law, injury and negligence as the cause of it, must be shown.

RAPHAEL SEMMES, contra.—The statutory remedy is cumulative, not exclusive. 4 Porter, 116. It was not necessary to aver negligence, for the simple reason that it was not necessary to prove it. The killing being proved, negligence results as the conclusion of the law, unless the contrary be shown, which in this case was not done. R. C. § 1401.

BRICKELL, C. J.—The doctrine of the common law in relation to trespasses by and upon cattle running at large,

[Mobile & Ohio Railroad Co. *v.* Williams.]

has never been of force in this State. It was never appli-
cable to our situation, and is inconsistent with our estray
laws and statutes in reference to trespasses by cattle. These
laws treat unenclosed lands as common of pasture, and per-
mit an owner to suffer his cattle to run at large. *N. & C.
R. R.* v. *Peacock*, 25 Ala. 229. The character of inclosures
and fences is carefully defined. R. C. § 1282. If an ani-
mal suffered to go at large trespasses or should do damage on
lands not inclosed as required, the owner is exempt from lia-
bility therefor; and if the animal is injured, the person in-
flicting the injury is liable for five-fold damages. R. C. §
1283. The statutes provide for the taking up and posting
estrays; impose on the taker-up the duty of having the ani-
mal valued, and of taking care of it; and prohibit the tak-
ing up of neat cattle (except cows with young calves), sheep
or hogs, between the first day of April and November. R.
C. chapter 6, article 1, part 1, title 13. This legislation is
all founded on the theory of the right of an owner to permit
his stock to run at large. In the exercise of this right he
cannot be molested, and if injury is wantonly or negligently
inflicted on his stock, the law entitles him to redress. He
has a perfect right to suffer his animals to run at large, and
those who would guard themselves from damage in conse-
quence of it must inclose against them. *C. H. & D. R. R.
Co.* v. *Watterson*, 4 Ohio St. 424; *Kerwhaker* v. *C. C. & C.
R. R. Co.* 3 Ohio St. 172; *Gorman* v. *Pacific R. R. Co.*
26 Mo. 441.

A railroad certainly has a right to the free and uninter-
rupted use and enjoyment of its roadbed. The right is the
same in character and degree that the owner of the freehold
has to the exclusive use and occupation of his premises. If
one, wilfully or negligently interfering with its right to the
use and enjoyment of its road, is injured by its machinery
or trains, he must bear the consequences of his wrong or
folly. But the owner of animals, having a right to suffer
them to run at large, is not guilty of wilfully or negligently
trespassing on the road if they wander on its uninclosed
track. On the railroad then rests the duty of exercising the
care and diligence which may be necessary to avoid injury
to them. If they are killed or injured, and the owner seeks
redress, on him is cast the burden of proving that the killing
or injury was negligent. *Danner* v. *South Carolina R. R.
Co.* 4 Rich. Law. 329.

Thus, the common law of this State would stand inde-
pendent of statutes. Soon after railroads were constructed
and operated in this State, it was found this law was not

[Mobile & Ohio Railroad Co. v. Williams.]

adequate to the protection of the owners of stock, who were suffered to let it run at large, and on February 10, 1852, the general assembly passed an act entitled "an act to define and regulate the liability of railroad companies." Pamph. Acts, 1851–2, p. 45. The 1st section of this statute now forms section 1406 of the Revised Code, and is clear in its terms, fixing on a railroad company a positive liability for the value of any live stock killed or injured by its cars or locomotives. The subsequent sections related to the mode of proceeding, and are incorporated in the Code, as modified or changed by subsequent statutes, and form sections 1407 and 1408. The act of 1852 was construed by this court, soon after its passage, as authorizing the owner to recover, on mere proof of ownership, value and injury by the railroad company, its cars or locomotives. Whether any degree of care or diligence would relieve the company from liability was not decided, though the intimation was, it would not. *N. & C. R. R. Co.* v. *Peacock, supra.* On the 6th February, 1858, the legislature passed an act entitled "an act to regulate and define the duties and liabilities of railroad companies in this State." Pamph. Acts, 1857–8, p. 15. The 1st and 2d sections of this statute now form sections 1399–1400, of the Revised Code, and define the duties of engineers, or other person in charge of a locomotive, as to giving warning of the approach of a train at particular places, and requiring, on perceiving any obstruction on the road, that he should use all means in his power, known to skillful engineers, in order to stop the train. It renders the engineer, or person in charge of the train, guilty of a misdemeanor if he fails to observe its provisions, and then declares the railroad company "shall be liable for all damage done to persons, stock, or other property, on account of said failure to comply with the requirements of this act, or on account of any negligence whatever on the part of the railroad company or its agents, *and in no other case.*" In *M. & C. R. R. Co.* v. *Bibb,* 37 Ala. 699, it was said this latter statute materially modified and repealed some of the provisions of the act of 1852, but in what respect there was modification or repeal was not pointed out. The act of 1858 was amended by an act passed January 31, 1861, so as to strike out the words "and in no other case," and to insert in lieu thereof, "that whenever any stock or other property is killed or damaged by the locomotive or cars of any railroad in this State, and the owner of such stock or property brings suit to recover the value thereof, or the damage thereto, the burden of proof shall be on the railroad company, on trial of said

[Mobile & Ohio Railroad Co. *v.* Williams.]

suit, to show that the requirements of the 1st section of said act have been complied with by the said company, its agents or employees : *Provided,* that the proof hereby required shall apply only to the particular place at which the injury was done." Pamph. Acts, 1861, p. 37. This section of the act of 1861 and the 3d section of the act of 1858 form section 1401 of the Revised Code, which declares a railroad liable for all damages done to persons, stock, or other property, resulting from a failure to comply with the requirements of section 1399, *or from any negligence on the part of the company or its agents ;* and that the burden of proof is on the company to show a compliance with the requirements of section 1399, at the time and place when and where the injury was done. In *N. & D. R. R. Co.* v. *Comans,* 45 Ala. 437, these various legislative enactments were considered, and the result declared was that the several sections of the Code must be taken and construed as one law. So taken and construed, the act of 1852 (R. C. § 1406) was so far changed and modified by later statutes that a railroad company was relieved from absolute liability for injuries to stock; and was subjected to liability only for negligence, or a failure to comply with the requirements of the statute, if the injury occurred at any one of the places where these requirements should have been observed; that when the injury was shown the burden of proof was on the railroad company to acquit itself of negligence, or if it occurred at one of the specified places, a compliance with the precautions mentioned in the statute. We concur in this opinion, though there is much said in the argument of the court not in conformity to the views we have expressed as to the right of an owner of animals to suffer them to go at large, and the liability of those not having inclosed against them, who may injure them.

The effect of the statutes is, that a railroad company is liable for injuries to stock when they result from the negligence of its servants or agents, whenever and wherever it may occur. If the injury occurs at or near any public road crossing, or any regular depot or stopping place, or within the corporate limits of any town or city, or because of an obstruction which could or ought to have been perceived, no degree of diligence will excuse the company from liability, unless all the requirements of the statute have been observed. In either case, the injury being shown, the burden of proof is on the railroad company to acquit itself of negligence, or to show a compliance with the statute. If any other construction of the statute should be adopted, it would

[Mobile & Ohio Railroad Co. v. Williams.]

almost license the destruction of cattle or other stock by railroads. The owner is not present when they are killed or injured; the first intimation of it he has is the loss of them. He does not know the train, or who had charge of it, inflicting the injury. If he did, they could not prove their negligence without imposing liability on their employers, and inviting censure on themselves.

The charge of the court below was more favorable to the appellant than it should have been, and of consequence affords no cause of complaint on error. The court should have charged the jury, if the evidence showed the killing of the cattle of appellee (not at one of the places specified in section 1399 of the Revised Code) by the locomotive or cars of the appellant, then appellee was entitled to recover, unless appellant had shown the killing was not the result of negligence on the part of its servants or agents.

The sum claimed by appellee exceeded twenty dollars, and on appeal to the circuit court was triable by jury. An issue must have been formed, which could be submitted to the jury for trial. A statement of the appellee's cause of action must have been filed. 1 Brick. Dig. 114, § 74. Such statement is not subject to the technical rules of pleading; yet it must set forth a substantial cause of action, or the defendant may demur. *Jones* v. *Buckley*, 19 Ala. 604; *Ganaway* v. *Mayor of Mobile*, 21 Ala. 577. The complaint or statement filed by appellee did not aver the killing of the cattle was negligent, or the result of the negligence of appellant, its servants or agents. A demurrer to it was interposed on this specific ground, and was overruled. In this there was error. Negligence of appellant, its servants or agents, is an essential ingredient of the right of recovery, and without an averment of it no cause of action was disclosed. As the complaint stands, construing it, as all pleadings are construed, most strongly against the pleader, the intendment would be that there was no negligence, no breach of duty on the part of appellant; that the liability was deducible only from the act of killing. True, evidence of the killing would throw the burden of proving diligence on the appellant, but the right of the appellee to a recovery still rests on the fact of a negligent injury, which must be averred. For the error in overruling the demurrer to the complaint, the judgment in each case must be reversed, and the causes remanded.