# Clements & Wife *v.* East. Tenn., Va. & Ga. Railroad Co.

*Action against Railroad Company, for Personal Injuries.*

1. *Abandonment of special plea.*—When a demurrer to a special plea is overruled, and a demurrer to a replication thereto is sustained, while the bill of exceptions, purporting to set out all the evidence, shows that no evidence was introduced as to the issue thus presented, this court will consider the defense as abandoned, and will not revise the rulings on the demurrer.

2. *Liability of railroad company, for injuries to persons or property by negligence; burden of proof.*—The liability of a railroad company for damages resulting from a failure to comply with statutory requirements, or from other negligence, whether to persons, or to stock or other property, is the same (Code, §§ 1699, 1700); but, where the injury is to stock or other property, the *onus* of showing a compliance with the statutory requirements is imposed on the railroad company, and without this proof it does not relieve itself of the imputation of negligence; but the statute does not extend this rule to actions for personal injuries.

3. *Contributory negligence as defense.*—The court does not assent to the proposition, that contributory negligence on the part of the plaintiff, though proximate, is no defense to the action, if the railroad company was guilty of negligence, or omission of duty, which aided in bringing about the injury.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. LEROY F. BOX.

This action was brought by Benjamin A. Clements and his wife, Mrs. Tempe Clements, against the East Tennessee, Virginia & Georgia Railroad Company, to recover damages for personal injuries sustained by Mrs. Clements through the negligence and carelessness, as alleged, of the defendant's agents and servants in charge of an engine and train of cars; and was commenced on the 1st March, 1882. The defendant was described, in the summons and complaint, as a "corporation created and existing by and under the laws of the State of Alabama, in the State of Alabama, and doing business in said county of Talladega." A special plea of *nul tiel* corporation was interposed, to which the plaintiffs demurred; and their demurrer being overruled, they filed a special replication, to which the court sustained a demurrer on some of the grounds assigned, but overruled it as to others; and the cause seems to have been tried on issue joined on the plea of not guilty.

On the trial, a bill of exceptions was reserved by the plaintiffs, which purports to set out "substantially all the evidence,"

[Clements & Wife v. East Tenn., Va. & Ga. Railroad Co.]

the following being the material facts: The plaintiffs resided in Clay county, and went to Talladega for the purpose of selling some chickens, beef, &c., which were carried in a wagon drawn by two oxen. The wagon was driven by one Clark, while plaintiffs accompanied it in a buggy drawn by a mule. Not finding a market for their goods in the town of Talladega, they drove out among the suburbs, and were overtaken by night before their return. "Returning towards the town by the public road usually travelled, they crossed the defendant's said railroad at a public crossing known as *Parsons' Crossing.* Before reaching said crossing, a train of cars passed on defendant's road, within fifty or seventy-five yards ahead of them, having a head-light burning, ringing the bell, and blowing the whistle, as required by law; and plaintiffs' mule being unaccustomed to such sights and sounds, plaintiff took precautions against trouble with the mule, by getting out of the buggy, and holding him until the train passed." Plaintiffs then crossed the railroad, and, not being well acquainted with the road, and the night being dark, they determined to camp out; the place being described as "an open grove, within fifty to seventy yards of said railroad, on the side of the public road, and about the same distance from *Parsons' Crossing*;" and plaintiffs' evidence tended to show that this place was suitable for camping, and that it had been used on former occasions, by other persons, for camping purposes. While the plaintiff and Clark were making preparations for camping, and were trying to catch the oxen, which had gotten loose, Mrs. Clements was left sitting in the buggy, holding the reins in her hands; and while they were thus engaged, another train on the defendant's road passed by, which frightened the mule; whereby plaintiff's wife was jerked out of the buggy, and sustained serious injuries. Clark and the plaintiff testified positively that this train had no head-light burning, and that it gave no signal of its approach; while an engineer of the road testified, as a witness for the defendant, to the contrary.

On this evidence, the court charged the jury, "that even though they should find, from the evidence, that defendant was negligent, yet, if plaintiffs' negligence contributed proximately to the injury, then plaintiff can not recover." The court charged the jury, also, at the written request of the defendant, as follows: (1.) "The failure of the defendant to ring the bell, at or near *Parsons' Crossing*, if it did occur, can not be complained of by plaintiffs in this action, unless said failure did actually injure Mrs. Clements; and this matter the jury must consider, in determining how and in what manner plaintiffs' mule was injured." (2.) "If the jury believe, from the evidence, that the plaintiffs' negligence and want of proper

care and precaution contributed to the injury to Mrs. Clements, then plaintiffs can not recover in this action."

The plaintiffs duly excepted to each of these charges, and then requested the following charges, in writing : 1. " If the jury find, from the evidence, that Mrs. Clements was injured as alleged in the complaint, in the night-time, and within forty or fifty yards of where a public road crosses the defendant's railroad; then the defendant is liable for the injury, unless the jury also find, from the evidence,· that the defendant's agents and servants performed all the requirements imposed by the statute upon those who have charge of an engine and train approaching a public road crossing in the night-time; and the burden of showing a compliance with those requirements is upon the defendant." (2.) "If the jury believe, from the evidence, that Mrs. Clements was injured as alleged in the complaint, in the night-time, and near where a public road crosses the defendant's railroad ; then no question of contributory negligence arises, or can be considered by the jury, until they are first satisfied, by the evidence, that the head-light of the engine on the train was burning, and, in addition thereto, that the whistle was sounded, or the bell rung, one-fourth of a mile before said train reached said crossing." (3.) "In the employment of steam as a motive power, railroad companies are held to the exercise of extraordinary diligence, and are required to employ very careful and prudent men ; and such employees must, in the management of such motive power, exercise extraordinary care and prudence, to prevent damage resulting from its use. In this case, if it appears that the defendant's employees did not exercise such diligence as the law requires, it would not relieve the defendant from liability to show that plaintiffs themselves had been careless or imprudent." (4.) "If the jury believe, from the evidence, that Mrs. Clements was injured near the defendant's railroad, and within forty or fifty yards of *Parsons' Crossing ;* and that said crossing is where a public road crosses said railroad ; and that Mrs. Clements' injuries were caused by one of defendant's trains frightening the mule, and causing it to drag her from the buggy ; then, under the law, it is the duty of the defendant to reasonably satisfy the jury, by the evidence, that its servants did every thing required by law of persons in charge of a train approaching a public road crossing; and if the jury believe, from the evidence, that the injury complained of was inflicted at the place above stated, and in the night-time, then the evidence must show to the satisfaction of the jury that there was a head-light burning on the engine, and that the whistle was sounded, or the bell rung, one-fourth of a mile before reaching said crossing; and if the defendant has failed to prove these

[Clements & Wife v. East Tenn., Va. & Ga. Railroad Co.]

facts, the verdict of the jury must be in favor of the plaintiffs, for such sum as, in the opinion of the jury, they are entitled to recover on account of the injuries received by Mrs. Clements."

The court refused each of these charges, and the plaintiffs excepted to their refusal; and they now assign as error the charges given, the refusal of the several charges asked, with the adverse rulings on the pleadings, and several rulings on evidence which require no notice.

HEFLIN, BOWDON & KNOX, and PARSONS & PARSONS, for appellants.

BRADFORD & BISHOP, contra.

STONE, C. J.—There was a plea of nul tiel corporation, a replication to it, and a demurrer to the plea and to the replication. The Circuit Court made some rulings on these pleadings, but it is unnecessary to consider them. The bill of exceptions informs us it contains substantially all the evidence, and not a word of testimony was offered on this issue, nor was there any ruling of the court given or asked upon it, other than that upon the demurrers. The case was tried precisely as if no question had been raised on the name of the corporation. This line of defense must have been abandoned, and we will not consider it.

The injury complained of, it is contended, was inflicted at or near a public road crossing. The statute (Code of 1876, § 1699) has prescribed certain duties to be performed by officers in charge of trains, when approaching or passing such public road crossing. The whistle must be blown, or the bell sounded, one-fourth of a mile before reaching such crossing, &c.; and if it be in the night-time, the train must have a head-light burning. It has been several times decided in this court, that if the injury is done at a public road crossing, or other place specifically mentioned in section 1699, then the railroad does not relieve itself of the imputation of negligence, unless it proves a compliance with the said statutory requirements. Each of these decisions, however, was pronounced in cases where loss of, or injury to property, was the cause of action.—*Nashville & Decatur R. R. Co. v. Comans*, 45 Ala. 437; *M. & O. R. R. Co. v. Williams*, 53 Ala. 595; *S. & N. R. R. Co. v. Thompson*, 62 Ala. 494; *S. & N. R. R. Co. v. Williams*, 65 Ala. 74; *Ala. Gr. So. R. R. Co. v. McAlpine*, 71 Ala. 545; *E. T., Va. & Ga. R. R. Co. v. Bayliss*, 74 Ala. 150.

In cases of injury to property, at points on the railroad

[Clements & Wife v. East Tenn., Va. & Ga. Railroad Co.]

other than those at which the whistle is required to be blown, or the bell sounded, the rule is different. It is enough, in such cases, even if there be a failure to conform to regulations, or if those in charge of the train are guilty of negligence, if it be shown that such injury did not result from the negligence of the road's employees. In other words, unless the relation of cause and effect exist between the negligence and the injury, the road is not liable.—*E. T., Va. & Ga. R. R. Co. v. Bayliss*, 75 Ala. 466 ; *Ala. Gr. So. R. R. Co. v. McAlpine*, 75 Ala. 113 ; *M. & C. R. R. Co. v. Bibb*, 37 Ala. 599 ; *Cook v. R. R. Co.*, 67 Ala. 533.

The statute, however, in fixing the burden of proof, makes a distinction between injuries to property, and injuries to persons. Its language (Code, § 1700) is : "A railroad company is liable for all damages done to persons, stock, or other property, resulting from a failure to comply with the requirements of the preceding section, or any negligence on the part of the company or its agents; and when any stock is killed or injured, or other property damaged or destroyed, by the locomotive or cars of any railroad, the burden of proof, in any suit brought therefor, is on the railroad company, to show that the requirements of the preceding section [1699] were complied with at the time and place when and where the injury was done." This statute, when declaring the liability of railroads, makes it the same for injuries to persons, as for injuries to property. It is for all damages done to either, resulting from a failure to comply with statutory requirements, or from other negligence. If the statute had stopped here, no one would have disputed the proposition, that to maintain a suit for damages done to either person or property, the damage or injury must be the resultant of negligence or want of care on the part of the railroad employees. There must have existed between them the relation of cause and effect. But the statute did not stop here. It proceeded to declare on whom the burden of proof rested, and, in doing so, dropped the subject of persons, and confined its operation to stock killed or injured, and to other property. When the suit is for a wrong to property, the burden is on the railroad to show a compliance with the requirements of section 1699. On this provision rests the ruling declared in *M. & O. R. R. Co. v. Williams*, 53 Ala. 595, and the cases which followed it.

There is no such provision, when the suit is for an injury to the person. Why the distinction is taken, it is not for us to say. Sufficient that *ita est scripta lex*. We alluded to this difference in *M. & M. Railway Co. v. Blakely*, 59 Ala. 471. Possibly, the reason of the difference is the one intimated in that opinion. Be this as it may, we find the difference made

by the legislature itself, and by every sound rule of construction we feel bound to respect it. *Expressum facit cessare tacitum.* When suit is for an injury to the person, the rule, somewhat artificial in its reasoning, declared in the second clause of section 1700 of the Code, does not apply.

We can not agree to the argument, implied in several of the charges asked, that if the railroad company was guilty of negligence, or omissions of duty, which aided in bringing about the injury, then contributory negligence on the part of the plaintiff, though proximate, is no defense to the action.—*M. & C. R. R. Co. v. Copeland,* 61 Ala. 376; *Cook v. R. R. Co.,* 67 Ala. 533.

Affirmed.