[Ala. G. S. R. R. Co. v. McAlpine & Co.]

# Ala. Great Southern Railroad Co. *v.* McAlpine & Co.

*Action against Railroad Company for killing Stock.*

1. *Cross appeals in action at law.*—In an action at law, where each party appeals and assigns errors, the judgment must be either affirmed or reversed as a whole; and if reversed on either appeal, it must be reversed entirely.

*Charge to jury as to evidence on question of negligence.*—In an action against a railroad company to recover damages for killing stock, where the court has properly charged the jury that, if they believe the evidence, they must find for the plaintiff, it is not error to further instruct them "that if, under the facts and circumstances shown in evidence, they did not believe the evidence offered by the defendant, tending to acquit itself of negligence, then a verdict may be found for the plaintiff." This is but the legal and logical result in every case, where the party upon whom rests the burden of proof attempts to sustain it by evidence that is not believed.

3. *Liability of railroad company for injuries to stock or cattle.*—In an action against a railroad company to recover damages for injuries to cattle at or near a public road crossing (Code, §§ 1699, 1700), proof of injury raises the presumption of negligence, and casts on the defendant the burden of disproving it; and it is not disproved until all negligence is negatived, and a compliance with all statutory requirements is shown, or it is shown that a compliance was impossible, or would have been unavailing. (Explaining and limiting expressions in *M. & A. Railroad Co. v. Williams*, 53 Ala. 595; and *Clements v. E. T. V. & Ga. Railroad Co.*, 77 Ala. 533, as to which the court adds, "We do not hold ourselves committed to an extreme interpretation of either of those cases.")

APPEAL from the Circuit Court of Greene.

Tried before the Hon. S. H. SPROTT.

On the trial of this cause the plaintiffs introduced evidence to show that on or about the 26th day of November, 1881, they had a mare killed by the train on the Ala. Great Southern Railway about a half mile south-west of Boligee in Greene county; that the mare was worth from sixty.five to seventy dollars, and that she was killed by the negligence of the defendant. The plaintiffs also introduced proof that on or about the 4th day of November, 1881, the agents of the defendant corporation had, by their negligence, run a train of cars over a mule of the plaintiffs, near Boligee, Greene county, causing its death, and that the mule was worth about $120.00. The defendant introduced evidence to show that the killing in each instance was without fault or negligence on the part of the defendant.

As to the mare, the court, at the request of the defendant gave the charge, that if the jury believed the evidence their verdict, so far as the mare is concerned, should be for the defendant. The plaintiffs asked the written charge, which was, in substance, that the jury were not obliged to find for the defendants at all events, but only in the event they believed the evidence ; and that if they did not believe the evidence tending to acquit the defendant of negligence, then a verdict might be found for the plaintiff, as to the mare. To the giving of this latter charge the defendant excepted, and assigns the same as error in the appeal taken by the defendant. As to the mule, the court gave the charge, at the request of the defendant, "If the jury believe the evidence in this cause in regard to the killing of said mule, then, in so far as said mule is concerned, their verdict should be for the defendant." To this charge the plaintiffs excepted, and asked the following written charges :, 1. "Charge the jury that by the laws of this State it is the duty of the engineer or other person having the control of the running of a locomotive on any railroad in this State, to blow the whistle or ring the bell at least one-fourth of a mile. before reaching any public road-crossing, or any regular depot or stopping place on such road, and continue to blow such whistle or ring such bell, at intervals, until he passes such road crossing, and until he reaches such depot or stopping place ; and such railroad company is liable for all damages done to stock resulting from a failure to comply with these requirements, and if in this case the mule was killed about 384 yards from the public road crossing, and regular depot and stopping place at Boligee, then the burden of proof is on the defendant to show, that the requirements above stated, were complied with, at the time and place, when and where the injury was done ; and if the jury believe from the evidence that said requirements were not so complied with, and if they further believe, from the evidence, that a compliance therewith would have prevented the injury, then the plaintiff is entitled to recover as to the mule."

2. "Charge the jury that if the mule was killed 384 yards south-west of Boligee Depot, and the public road crossing at that place, and the whistle was blown 794 yards south-west of said depot and stopping place, by giving one long blast, and, in connection therewith three short blasts of the whistle, and that the length of such blasts was such that the train did not run more than fifty yards while the same was being given, and that there was no other blowing of the whistle or ringing of the bell until after the mule had been struck, then there was a failure to comply with the statute which requires the engineer or other person having the control of the running of a locomo-

[Ala. G. S. R. R. Co. v. McAlpine & Co.]

tive, on any railroad in this State, to blow the whistle or ring the bell at least one fourth of a mile before reaching any public road crossing, or any regular depot or stopping place on such road, and continue to blow such whistle or ring such bell, at intervals, until he passes such road crossing, and until he reaches such depot or stopping place; and it is for the jury to determine from the evidence whether or not a compliance with said statute requirements would have frightened the mule away and prevented the injury, then they would be authorized to find for the plaintiffs, as to the mule."

3. "If the jury believe from the evidence that a strict compliance with the law requiring the ringing of the bell or blowing of the whistle at least one-fourth of a mile before reaching a public road crossing, depot or stopping place, would have prevented the injury to the mule in question, and that such injury resulted from a failure to comply with said law, then they would be justified in finding for the plaintiffs in reference to the mule."

4. Asked the court to charge the law as laid down in the case of *M. & O. R. R. Co. v. Williams*, 53 Ala. Rep. p. 599, in reference to the statutes of this State regulating the liabilities of railroad companies for injuries to stock, the charge quoting from that case. The court separately refused to give each of said charges and the plaintiffs severally excepted.

H. M. JUDGE, and JAS. B. HEAD, for McAlpine & Co.

SAM'L. F. RICE, and WOOD & WOOD, for Ala. G. S. R. R. Co.

STONE, C. J.—This was an action on the case brought by McAlpine & Co. against the railroad company, and alleges that by two separate acts of negligence, and at different times, the railroad corporation killed a mare and a mule, the property of plaintiffs. The record and recovery show that the plaintiffs recovered damages for the loss of the mare, and failed to recover for the loss of the mule. Each party has taken an appeal, and each assigns errors. Both issues being presented in one suit, and there being but one judgment and verdict, that judgment can not be both affirmed and reversed. If reversed on either appeal, it will be reversed throughout, and tried anew; for two judgments can not be rendered in this one suit. We will first consider the railroad's appeal, which questions the recovery for the loss of the mare.

The jury was instructed to find for the defendant as to the mare, if they believed the evidence. That the mare was killed by the defendant's train all the testimony tended to prove, and

does not appear to have been controverted. The question was then raised whether such killing was without negligence on the part of the railroad company, and on this issue the burden was on the defendant to disprove negligence. The charge given was not an instruction to find for the defendant in any event. It would have been error if given in that form; for the credibility of oral testimony must always be left to the jury. The general charge given left that question, and rightly left it, to the jury. Hence it was not error to instruct the jury that if "under the facts and circumstances shown in evidence (they did not) believe the evidence offered by the defendant tending to acquit itself of negligence, then a verdict may be found as to the mare for the plaintiff." Such is the legal and logical result in every case, where the party on whom the burden of proof rests, attempts to sustain it by testimony that is not believed. In this connection, however, we re-affirm what we said as to the duty of juries in this case when formerly here—75 Ala. 115--and E. T. Va. & Ga. R. R. Co. v. Bayliss, Ib. 466; s. c., 77 Ala. 429.

There was a failure on the part of plaintiffs to recover for the mule sued for, and from that judgment they have also appealed. The facts in reference to the killing of the mule are different, and the question of the liability of the railroad rests on somewhat different principles. · This killing was done in less than a quarter of a mile of the depot and road-crossing at Boligee and hence within the area where the statute requires of approaching trains on railroads that the whistle be blown, or bell sounded, at intervals, until the train passes the road-crossing, or reaches the stopping place. We have several times held, that the measure of liability, when cattle or stock is the subject of the injury, is different from the rule when the injury is to the person. The statute—Code of 1876, § 1700—expresses the difference. We commented somewhat on this difference in M. & M. Railway Co. v. Blakely, 59 Ala. 471; and Clements v. E. T. Va. & Ga. R. R. Co., 77 Ala. 533.

Our utterances on the subject we have in hand have not always been as guarded as perhaps they should have been. We refer specially to M. & O. R. R. Co. v. Williams, 53 Ala. 595; and Clements v. E. T. Va. & Ga. R. R. Co., 77 Ala. 533. In neither of these cases was the question presented of a failure to comply with the requirements of §§ 1699–1700 of the Code, where injury to stock was the subject of complaint. The first of the cases presented only the question of the burden of proof, for there was no proof of any circumstance attending the killing. The testimony showed the naked fact that the cattle were injured by the railroad's train, and the court ruled that the burden was thereby shifted on the railroad company

to disprove negligence on its part. It offered no proof, and of course, the presumption of negligence remained unrebutted. Anything said beyond this, was not called for by any testimony in the cause.

In *Clements v. E. T. Va. & Ga. R. R. Co.*, *supra*, the injury complained of was to the person. No question could arise as to the requisites of proof, when injury to cattle or stock is the complaint. The difference in the two rules was stated, following what had been said in *Williams' Case;* but the wants of the case did not call for it. We do not hold ourselves committed to an extreme interpretation of either of those cases.

The true rule—the one it is our intention to be governed by—is that laid down in this case when last before us, 75 Ala. 113. True, the statute, Code, § 1700, declares that "where any stock is killed or injured, or other property damaged or destroyed by the locomotive or cars of any railroad, the burden of proof in any suit brought therefor is on the railroad company, to show that the requirements of the preceding section were complied with at the time and place when and where the injury was done." This is an emphatic declaration of the rule as to the burden of proof in all such cases, and the extent of it. It must be observed in its strictness and entirety, wherever there is a reasonable hope or reasonable possibility that damage or danger may be averted. It requires no attempt of the impossible. And the same section of the Code—1700 —declares the consequences of its non-observance. The "railroad company is liable for all damages done to persons, stock, or other property, resulting from a failure to comply with the requirements of the preceding section, or any negligence on the part of the company or its agents." To sum up: Injury raises the presumption of negligence, and casts on the railroad the burden of disproving it. It is not disproved until all negligence is negatived, and a compliance with all the requirements of the statute is proved, unless it is shown that the conditions were such that compliance was impossible, or would have been unavailing.—*S. & N. Ala. R. R. Co. v. Thompson*, 62 Ala. 494; *Id. v. Williams*, 65 Ala. 74; *E. T. Va. & Ga. R. R. Co. v. Bayliss*, 74 Ala. 150.

As the record formerly appeared, we considered the testimony, if believed, established the proposition that the whistle was properly blown more than a quarter of a mile before reaching Boligee station and the crossing, and that the bell was kept ringing, at intervals, until the depot was reached. We still understand the testimony of the engineer and fireman to affirm that the whistle was sounded a full quarter of a mile before reaching Boligee, that it was given by one long, followed by

[Gilmer v. Morris.]

three short blasts, and that shortly afterwards the bell, was
sounded, and the ringing kept up until the station was reached.
If this be so, no blame can attach to the railroad corporation
on this account. It was not necessary the bell should have
been struck instantly on the cessation of the whistle. "At
intervals," is the language of the statute. If within a reason-
able time after the whistle ceased to sound, the ringing of the
bell commenced, and was kept up at intervals, this met the re-
quirement of the statute.

The only new testimony found in this record is that of Dr.
Byrd. It does not vary the case, under the rules of law de-
clared above. If the testimony was believed, it showed a com-
pliance with the statutory requirements, and disproved all neg-
ligence on the part of the railroad's employees. It went
further, and, if true, no human foresight or precaution could
have foreseen or prevented the injury complained of. The
Circuit Court did not err in giving the general charge, nor in
refusing the charges asked.

There is no error prejudicial to J. A. McAlpine & Co., and
the judgment of the Circuit Court is in all things affirmed.