83  196
94  633
83  196
95  151
83  196
96  129

# Mobile & Girard R. R. Co. *v.* Caldwell.

*Action for Damages against Railroad for Killing Ox.*

1. *Burden of proof.*—In an action against a railroad company, for damages on account of live-stock killed or injured by a moving train (Code, §§ 1699, 1700), proof of the fact of the injury, and that it was inflicted by a moving train belonging to the defendant, makes out a *prima facie* case for the plaintiff; and the *onus* is then devolved on the defendant to overcome the presumption of negligence by proof of the circumstances attending the killing.

2. *Diligence required of engineer of moving train; obstructions on track.*—An engineer, in charge of a moving train of cars, is required to maintain a steady look-out for obstructions on the track, and to use all proper means to prevent accidents, when an obstruction is discovered; but something must be confided to his prudent discretion in a sudden emergency, and infallibility is neither required nor expected.

3. *Same; sounding cattle-alarm.*—If a proper look-out for obstructions was kept, and the animal killed was, when discovered on the track, so near to the engine that the accident could not be prevented by the prompt use of all proper appliances, the presumption of negligence is overcome, and no liability for damages is incurred; nor can negligence be imputed to the engineer, as matter of law, because he did not sound the cattle-alarm, if he promptly signaled the brakeman, and could not at the same time sound the cattle-alarm; but the sufficiency of this excuse for the failure, as disclosed by the facts in evidence, is a question for the jury.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. J. M. CARMICHAEL.

This action was brought by John R. Caldwell, against the appellant, a domestic railroad corporation, to recover damages for the negligent killing of an ox, the property of plaintiff, by a moving train of cars belonging to the defendant; and the trial was had on issue joined on the plea of not guilty. On the trial, as appears from the bill of exceptions, the plaintiff proved "that his ox was killed, at the time and place alleged, by the defendant's train, and that it was worth $60." One Bracken, the engineer in charge of the train at the time of the accident, was then examined as a witness for the defendant, and testified, in substance, that the accident occurred on a dark and rainy night; that the train was on schedule time, and was running at the rate of fifteen or twenty miles per hour, on a down-grade, having just climbed a steep up-grade; that he was at his proper station, keeping a look-out ahead on the track, through a glass window in

[Mobile & Girard R. R. Co. v. Caldwell.]

front, which had been lowered to keep out the rain; that the brakes and other appliances were in good order, and the head-light "of as good capacity as any in use;" that objects on the track were visible one hundred yards distant, but could not be seen distinctly more than seventy-five or eighty yards; that the glass window "was slightly covered with moisture, which prevented his seeing objects ahead with distinctness;" that he "saw some object on the track, about seventy-five or eighty yards ahead, which looked like a man standing or moving on the track, and which he believed was a man;" that he at once put his head out of the side window, which was open, and saw that the object was a cow, or some other animal of that kind; "that he instantly did all that could have been done to stop the train—blew the whistle for brakes, reversed the engine, and used the lever to apply the brakes to the engine and tender, but the engine ran over and killed the animal;" that the time which elapsed, between his discovery of the animal and his use of all means to stop the train, "was but a second;" that he did not sound the cattle-alarm, "because he had no time to do that and at the same time call brakes, reverse the engine, and apply the lever to the engine and tender;" that the brake-men were, at that time, not on top of the cars, but inside of the rear car, on account of the danger in remaining on top; and that if they had been on top, and had at once applied the brakes, the train could not have been stopped in time to prevent the accident. Another witness for the defendant, a fireman on the train, testified to the same facts in substance.

On this evidence, the court charged the jury, at the instance of the plaintiff, "that if they believed from the evidence that the cattle-alarm was not sounded by the engineer, as soon as the ox was discovered on the track, or as [soon as] was practicable, this would be such negligence on his part as would make the railroad company liable for the killing of the ox." The defendant excepted to this charge, and requested the following charges in writing, duly excepting to the refusal of each:

"(1.) Infallibility is not exacted by law of those persons who have the charge and management of railroad trains, nor are said railroad companies to be held responsible in damages for every injury inflicted by them upon the property of others, in the management or control of running trains. To render such corporations liable, there must be a want of that care, in running and managing their trains, which very care-

ful and prudent men take of their own property under similar circumstances."

"(2.) If the jury find from the evidence that, when the engineer discovered the ox on the railroad track, it presented the appearance of a man, and the engineer believed it was a man; then he was not obliged to put on brakes and reverse his engine, until by the use of proper diligence he could have discovered that it was not a man."

"(3.) If it should appear from the evidence that the ox would have been killed by the defendant's train, if the engineer had sounded the cattle-alarm, his failure to do so does not make the defendants liable for killing the ox."

The charge given, and the refusal of the several charges asked, are now assigned as error.

NORMAN & SON, for the appellant, cited *Tanner's Executor v. L. & N. Railroad Co.*, 60 Ala. 634; *Railroad Co. v. Bayliss*, 75 Ala. 472; *Ala. G. S. Railroad Co. v. McAlpine*, 75 Ala. 114.

A. A. DOZIER, *contra*. (No brief on file.)

STONE, C. J.—When live-stock is killed or injured by a moving train on a railroad, and suit is brought for the injury, the plaintiff need prove nothing but the fact of the injury, and that it was inflicted by the moving train. This makes for him a *prima facie* case; and if there be no other proof, he will be entitled to a verdict. To state it differently: When injury is shown to have been inflicted by the train, the burden is then shifted on to the railroad company to acquit itself of the negligence the law imputes to it. Our statutes—Code of 1876, §§ 1699, 1700—have prescribed certain duties to be observed by officers having control of trains. Other duties are required of railroad companies. The locomotive must be supplied with a proper head-light, and the train with sufficient and proper brakes, with proper agencies for applying them promptly. A watchful look-out must be steadily maintained, for the discovery of obstructions on the track; and it is no excuse for the railroad, that the obstruction was not discovered, if by prudent watchfulness it could have been discovered. Failure to maintain a steady look-out is itself culpable negligence. We need not repeat the statutory duties prescribed for the varying emergencies.—Code, §§ 1699, 1700.

But, as we have frequently said, infallibility is not attainable, and the impossible need not be attempted. The statute declares, that "a railroad company is liable for all damages done to persons, stock, or other property, resulting from a failure to comply with the requirments of the" statute. That is, to justify a verdict against the railroad, the injury must have resulted from—been produced by—its negligence, or failure to comply with statutory requirements. In the absence of all exculpatory proof, the law presumes negligence, and that the injury was the result of it. It is not, however, a conclusive presumption. It may be rebutted and overcome. When there is testimony tending to show the circumstances attending the injury, it then becomes a question of fact for the jury to determine, whether the presumption against the railroad has been overcome. It is effectually overcome, whenever it is satisfactorily shown to the jury that the officers in charge of the train performed all the duties required of them, as pointed out above. So, it is equally overcome, if the testimony reasonably satisfies the jury that there was no inattention or carelessness in failing to discover the obstruction sooner, and that, when discovered, no diligence or appliances could have prevented the disaster. We repeat, the impossible need not be attempted; and if attempted unsuccessfully, this does not authorize a verdict against the railroad company. In such case, the damages do not result from a failure to peform statutory, or other duties, but from unavoidable accident.—*E. T., Va. & Ga. R. R. Co. v. Deaver*, 79 Ala. 216; *Ala. Gr. So. R. R. Co. v. McAlpine*, 80 Ala. 73.

There was testimony tending to show that the engineer was steadily and faithfully on the look-out, and that he discovered the ox on the track as soon as he could be discovered. He also testified, that when he discovered the ox, the train was too near upon him to be stopped in time to save him. If this be true, and if the train was properly supplied with brakes, and they and the other agencies were properly applied, this was a defense to the action. So, if the ox, when discoverable, was so near that a proper supply of brakes, promptly handled, and other appliances, could not have averted the catastrophe, then no liability for the damage should attach on this account.

A question was raised on the failure of the engineer to sound the cattle-alarm. He testified, that he could not give such alarm, and signal the brakeman, at one and the same

time. Something must be confided to the prudent discretion of the engineer; and if, in the sudden emergency, he should honestly err in the selection of the best preventive measures, this should not, of itself, fasten a liability on the railroad company. Infallibility is neither required nor expected.

The Circuit Court erred in the affirmative charge given, and in refusing the third charge asked. The reasons are given above. The jury must determine the truth and sufficiency of the excuse given for not sounding the cattle-alarm, and, also, whether, if sounded, it would probably have frightened the ox away. Charges one and two, asked by defendant, assert correct legal principles, except that charge two is too meagre. The hypothesis should have embraced the inquiry, whether the engineer was diligent in looking out for obstructions.

Reversed and remanded.