# Ala. Great Southern R.R. Co. *v.* Smith.

*Action for Damages against Railroad Company, for*
*Killing Cow.*

1. *Statutory liability of railroad company, for injuries to cattle.*—It is a complete defense to an action against a railroad company for killing or injuring a horse or cow, that the animal was not, and could not be seen, until it sprang on the track about fifty yards ahead of the engine, and that all the appliances known to skillful engineers could not then stop the train in time to prevent the injury.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. JOHN B. TALLY.

This action was brought by Benj. F. Smith against the appellant railroad company, to recover damages for the alleged negligent killing of plaintiff's cow by defendant's engine and train of cars; and was commenced before a justice on the 21st June, 1886. In the Circuit Court, on appeal, the cause was tried on issue joined on the plea of not guilty. The court gave the following charge to the jury, with others, on request of the plaintiff: "(2.) If the jury believe from the evidence that the engineer in charge of the defendant's train did not use ordinary diligence in running the train at the place where the cow was killed, and that he failed to use all the necessary means known to skillful engineers to prevent the injury; then their verdict must be for the plaintiff." The defendant excepted to the charge, and here assigns it as error.

S. F. RICE, and L. A. DOBBS, for appellant.

WHITLOCK, WALDEN & SON, *contra.*

STONE, C. J.—The testimony of the engineer was to the effect, that the cow sprang on the track about fifty yards ahead of the train; that the animal was not, and could not be seen, before that time; and that when discovered, all the appliances known to skillful engineers could not have stopped the train in time to save the cow. If this be believed, it was a complete defense to the action. Charge number 2, given

[Beatty v. Brown.]

at the instance of plaintiff, ignored this principle, and the testimony stated above, and must work a reversal of the judgment rendered.—*E. T., Va. & Ga. R. R. Co. v. Bayliss,* 75 Ala. 466; *Same v. Deaver,* 79 Ala. 216; *Ala. Gr. So. R. R. Co. v. McAlpine,* 80 Ala. 73; *M. & G. R. R. Co. v. Caldwell,* 83 Ala. 196.

Reversed and remanded.