# Geo. Pacific Railway Co. *v.* Hughes.

*Action for Damages on account of Personal Injuries.*

1. *Contributory negligence between railroad companies at crossing.* In an action to recover damages for personal injuries sustained by plaintiff at a railroad crossing, the fact that the company on whose cars he was travelling was guilty of contributory negligence is no defense, though it may create a joint and several liability.

2. *Statutory liability of railroad companies, for injuries to persons or property; burden of proof.*—Under statutory provisions now of force (Code, §§ 1144–5, 1147, note), whether the action is for injuries to person or stock, the *onus* is on the railroad company to acquit itself of negligence, by showing (1) a compliance with the statutory requisitions as to blowing the whistle and ringing the bell, or (2) that such compliance could not have averted the injury; but this statutory rule does not extend to a case where the injuries are caused by a neglect of other duties at a crossing of two railroads, resulting in a collision whereby plaintiff, a passenger, was injured.

[Geo. Pacific Railway Co. v. Hughes.]

3. *Same; cases explained and limited.*—In the following cases, "presenting questions arising under section 1144 (Code of 1886), the decisions were correct on the points presented, but the principle was stated too broadly, and is liable to mislead : "*A. G. S. Railroad Co. v. McAlpine*, 75 Ala. 113; s. c , 80 Ala. 73; *L. & N. Ala. Railroad Co. v. Bees*, 82 Ala. 340; *M. & G. Railroad Co. v. Caldwell*, 83 Ala. 196; and in *L. & N. Railroad Co. v. Jones*, 83 Ala. 373, "the principle stated was scarcely called for, and is not correct when applied to the class of injuries there complained of."

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. LEROY F. BOX.

This action was brought by Thomas R. Hughes against the appellant corporation, to recover damages for personal injuries sustained by plaintiff from a collision of a street railway car, on which he was a passenger, and a train of cars belonging to the defendant. The collision occurred on the 16th March, 1888, at the intersection of two streets in the city of Birmingham, where the tracks of the two railroads crossed each other; and the action was brought on the 13th April, 1888. The court charged the jury, among other things, as follows: "When a person sues a railroad company for damages for injuries to his person, as in this case, he is required to show that he has been injured, and that the injury was inflicted by the defendant, or the defendant's employees or servants; and when he does that, the burden of proof is on the defendant to show that itself or its employees were not negligent at the time and place of the occurrence, and therefore, if the plaintiff was injured at all, he was not injured by reason of the defendant's negligence." This charge, to which the defendant excepted, is now assigned as error, with several other rulings, which require no notice.

JAMES WEATHERLY, for appellant.

SMITH & LOWE, *contra.*

STONE, C. J.—The East Lake Dummy Line of railway extends from the business part of the city of Birmingham, eastwardly to East Lake. It is a street railway, the cars of which are drawn by steam power, called a dummy engine. Within the corporate limits of Birmingham, at the intersection of First Avenue and Twenty-seventh Street, the East Lake railway track crosses two lateral tracks of the Georgia Pacific Railway Company, that were used in receiving and transferring cars from and to other railroads that center in

Birmingham. The railroad crossings are in a public street, or at the point of intersection of the two streets. At this crossing the injury was suffered, which gave rise to the present suit. The injury was inflicted in March, 1888.

The plaintiff, Hughes, was a passenger on the dummy line, going eastward. While crossing the Georgia Pacific's said tracks, a collision occurred between the coach in which he was riding, and the front car of a train which the Georgia Pacific was pushing along its transfer track, with a view of placing said cars, some ten in number, beyond the crossing. The engine of the Georgia Pacific, which was moving these cars, was at the other end of the train, about ten car lengths distant—say three hundred feet—from the crossing. Plaintiff, as the proof tends to show, was seriously hurt and injured, and it is not claimed that he was himself guilty of any negligence. The testimony as to the cause, or proximate cause of the collision, is in very marked conflict. The one line of proof, if true as presented, relieves the dummy line of all omissions of duty—of all negligence—and places the fault on the Georgia Pacific. The other places the culpability on the dummy line. Neither the court below, nor this court, was or is charged with the ascertainment of the facts. That was exclusively the province of the jury, under proper instructions as to the law, to be given to them by the court. We review the Circuit Court's rulings on the law, and nothing else.

A few questions were reserved on the admissibility of the evidence. They were not pressed in the argument, and we think there is nothing in them.

The defense takes two positions. *First:* That conceding the Georgia Pacific was guilty of negligence, the dummy line was also guilty of negligence, which contributed proximately to the collision; and plaintiff, being a passenger on the dummy line, is under the same disability to sue and recover, as the dummy line would be if it were suing. There are some authorities which support this view, but we think them unsound. If each of the corporations was guilty of negligence, which caused, or aided in causing the injury, certainly it is a strange logic to contend, that because each had an assistant in committing the tort, neither is liable to the person injured by such compound tort.—*Western Railway of Ala. v. Sistrunk*, 85 Ala. 352; 2 Wood's Railway Law, 1340, *et seq.*; *Chapman v. New Haven R. R. Co.*, 19 N. Y. 341; *Robinson v. N. Y. Cent. R. R. Co.*, 66 N. Y,

11; Shear. & Redf. Neg. § 46; Whart. Neg. § 395; *Wabash St. L. Co. v. Shacklet*, 12 Amer. & Eng. R. R. Cas. 166; Patterson, Accident Law, § 357. It may create a joint and several liability. It does not exonerate either.

The other defense relied on is, that the entire fault was that of the dummy line. If that be true, there should be no recovery against the Georgia Pacific. The only form in which this question comes before us is in the charges given and refused; notably, the charges relating to the burden of proof.

The act "to define the duties and liabilities of railroad companies in this State," was approved February 6, 1858. Sess. Acts 1857-8, p. 15. The 3d section of that act was amended January 31, 1861.—Sess. Acts, 37. As amended, the first and third sections were carried into the Code of 1867, as sections 1399, 1401. They were then carried, without change, into the Code of 1876, as sections 1699 and 1700. These sections remained without change, until February 28, 1887, when section 1700 was amended.—Sess. Acts, 146-7. Section 1699 of the Code of 1876 was carried, without any alteration which affects this case, into the Code of 1886, as section 1144. The act of February 28, 1887, which amended section 1700 of the Code of 1876, was not repealed, or affected in any manner, by the adoption of the Code of 1886. Such is the express language of the second section of the act "to adopt a Code of laws for the State of Alabama," approved February 28, 1887.—Sess. Acts, 47. It results, that the statutory law which governs this case is found in sections 1144 and 1145 of the Code of 1886, and in "the act to amend section 1700 of the Code," approved February 28, 1887.—Sess. Acts, 146.

Section 1144, Code of 1886, specifies many duties which "the engineer, or other person having control of the running of a locomotive on any railroad," must observe and perform. We will only mention those which seem to be applicable to this case: "He must also blow the whistle, or ring the bell, at short intervals, on entering into, or while moving within, or passing through any village, town or city. He must, also, on perceiving any obstruction on the track, use all the means within his power, known to skillful engineers, such as applying brakes and reversing engine, in order to stop the train." *Sec.* 1145. "When the tracks of two railroads cross each other, engineers and conductors must cause the trains of which they are in charge to come to a full stop, within one

hundred feet of such crossing, and not to proceed until they know the way to be clear; the train on the railroad having the older right of way being entitled to cross first."

Before the amendment of section 1700, by the act of February 28, 1887, when suit was brought against railroad companies, for destruction or injury of stock or other property by their locomotives or cars, the burden of proof was declared to be on the railroad company, to show that the requirements of section 1699 of that Code were complied with, at the time and place when and where the injury was done. There was no such declaration or provision applicable to suits in which injury to the person was the ground of complaint. The requirements of section 1699, here referred to, are found in section 1144 of the Code of 1886, from which we have given extracts above. The amendment of section 1700 extended its provisions, so as to include cases in which a person was killed or injured; and, as the statutes stood when the plaintiff in this case was injured, and is still of force, the rule as to the burden of proof was and is still the same, whether the injury complained of is to person or property. The amended section is in the following language: "A railroad company is liable for all damages done to persons, stock or other property, resulting from a failure to comply with the requirements of the preceding section, or any negligence on the part of such company or its agents; and when any person or stock is killed or injured, or other property damaged or destroyed by the locomotive or cars of any railroad, the burden of proof in any suit brought therefor is on the railroad company, to show that the requirements of the preceding section [§ 1699 of the Code of 1876] were complied with, at the time and place when and where the injury was done."

Railroads are common carriers for hire, and as such, when they transport property, and it is injured in transit, or is not delivered, the burden is on the carrier to show that it bestowed all proper diligence on the service, and that the property was injured or destroyed without any negligence on its part.—*Steele v. Townsend*, 37 Ala. 247; *Leach v. Bush*, 57 Ala. 145; *Grey v. Mobile Trade Co.*, 55 Ala. 387. When the injury is to a person, or to property not being transported, then the statutes referred to above become important factors. We have had many cases before us which were more or less influenced by these statutes. Whenever an injury has been done to property, under circumstances which

[Geo. Pacific Railway Co. v. Hughes.]

call for the exercise of any of the cautionary signals or acts required by section 1144, Code of 1886, we have held that the burden is on the railroad company to prove that it complied with the requirements of that section. We have held, however, that a failure to comply, or, what is the same thing, to make proof that it did comply, while it creates a *prima facie* intendment that the railroad was in fault, is not conclusive of the plaintiff's right of recovery. It is only in cases where the injury complained of is reasonably traceable to the failure to comply with the requirements of the statute, that the failure, *per se*, gives a right of action. And we have held, further, that if, when the danger became visible, any appliances would have been powerless to avert the catastrophe, then it is not actionable negligence, if nothing be attempted. In each of these varying phases of defense, the burden is on the railroad company; that is, the burden is on it to prove that it complied with those requirements which were applicable to the case or crisis it had to deal with, or to show that none of those requirements could have availed to avert the injury. We have said the impossible need not be attempted. We subjoin a citation of most of our rulings, which, under the amended statute, are now alike applicable to each class of injury—that to person, as well as that to property: *M. & O. R. R. Co. v. Williams*, 53 Ala. 595; *Mobile & Montgomery R. R. Co. v. Blakeley*, 59 Ala. 471; *M. & C. R. R. Co. v. Copeland*, 61 Ala. 372; *S. &. N. R. R. Co. v. Thompson*, 62 Ala. 494; *Central R. R. & Bank. Co. v. Letcher*, 69 Ala. 106; *A. G. S. R. R. Co. v. McAlpine*, 71 Ala. 545; *E. T., V. & G. R. R. Co. v. Bayliss*, 74 Ala. 150; s. c., 77 Ala. 429; *Clements v. E. T., V. & G. R. R. Co.*, 77 Ala. 533; *E. T., V. & G. R. R. Co. v. Deaver*, 79 Ala. 216; *Same v. King*, 81 Ala. 177; *Ga. Pac. R. R. Co. v. Blanton*, 84 Ala. 154; *A. G. S. R. R. Co. v. Smith*, 85 Ala. 208; *Western Railway Co. v. Sistrunk, Ib.* 352; *N., C. & St. L. R. R. Co. v. Hembree, Ib.* 481; *L. & N. R. R. Co. v. Reese, Ib.* 497; *S. & N. R. R. Co. v. Williams*, 65 Ala. 74; 3 Brick. Dig. 726.

The following cases presented questions arising under section 1144 of the Code of 1886. The decisions were correct on the points presented, but the principle was stated too broadly, and is liable to mislead, if it has not aleady done so: *Ala. Gr. So. R. R. Co. v. McAlpine*, 75 Ala. 113; s. c., 80 Ala. 73; *S. & N. R. R. Co. v. Bees*, 82 Ala. 340; *M. & G. R. R. Co. v. Caldwell*, 83 Ala. 196. In *L. & N. R. R. Co.*

*v. Jones, Ib.* 373, the principle stated was scarcely called for, and is not correct when applied to the class of injury complained of in that case.

It is not our intention to modify the doctrine declared in *S. & N. R. R. Co. v. Shearer,* 58 Ala. 672; *S. & N. R. R. Co. v. Sullivan,* 59 Ala. 272; nor to weaken the authority of the principle declared in *Tanner's case,* 60 Ala. 621, further than that case may be qualified by *Womack's case,* 84 Ala. 149.

There is no case in our books which declares, clearly and specifically, to what extent, in cases like the present, the burden is on the railroad company to acquit itself of imputed negligence. The question has not heretofore been pressed upon our attention as it is in this case. Sections 1144 and 1145 each defines certain duties which railroad companies must observe. And we have declared it is their duty, when backing their trains within a city, town, or village, to maintain a lookout, which can survey and take in that portion of the track which their train is being pushed upon. This, for the safety of persons who might perchance be on the track. A disregard of any one or more of these duties would be negligence in the railroad company; and if injury to person or property resulted from it, and there was no concurring, proximate, contributory negligence on the part of the injured party, a suit can be maintained for damages resulting from such negligence. But, on whom, and to what extent, rests the burden of proof in such action?

We have seen that, under section 1700 of the Code of 1886, as amended, the burden is expressly placed on the railroad company, to show it complied with the requirements of section 1699, Code of 1876—§ 1144, Code of 1886. It fails to mention any other duty, or to cast the burden of proving it on the railroad company. It thus, by its silence, fails to place the burden of proof on the railroad company, in the matter of its compliance with section 1145, Code of 1886, and in the matter of maintaining a lookout, when it backs a train within the limits of a city, town or village. In fact, it is silent as to all matters of imputed negligence, save the disregard of the duties enjoined in section 1144 of the Code. This is significant. *Expressum facit cessare tacitum.* It is a rule of interpretation, that if a statute enumerates and commands certain duties, or specifies and declares certain exceptions, the implications are, that every thing not enumerated or specified is left without the influence of the

[Geo. Pacific Railway Co. v. Hughes.]

statute.—Sedg. Stat. Constr. (2d Ed.), 31, note.    In 2 Amer. & Eng. Encyc. Law, it is said: "The burden of proof is, in general, upon the plaintiff, of showing, in a case of personal injury, negligence on the part of the carrier."    This is the rule in the absence of the statute.

We feel constrained to hold, that the burden of proof was on the railroad company, only to the extent the statute places it—that is, as to all the matters enumerated in section 1144 of the Code; and if it seeks to excuse itself for a non-compliance with those requirements, then the burden is on it to show a state of facts which, under our rulings, will excuse it from making the attempt.    As to all other matters raised by the issue, the burden is primarily on the plaintiff.    But, the measure of proof required of him is graded by the issue it seeks to maintain.    If it involves a negative—such as, that the train was not brought to a full stop within 100 feet of the crossing, or that it did not maintain a proper lookout to avert danger—then the rule of proof in such case is not so exacting.    He must, however, in the first place, offer some testimony of the non-observance of the duty, before the defendant need offer any proof of its observance.    When this primary proof is made by plaintiff, it then becomes a question of inquiry by the jury on the entire testimony before them. On the general subject of the burden of proof in suits like this, see 2 Wood's Railway Law, 1096, and note.

Under the principles we have declared, the first paragraph of the charge given by the court to the jury, to which exception was reserved, misplaced the burden of proof; and for that error, the judgment of the Circuit Court must be reversed.—*Thompson v. Duncan*, 76 Ala. 334.

We need not consider the other charges.    What we have said will be a sufficient guide on another trial.

Reversed and remanded.