[Montgomery & Eufaula Railroad Co. v. Perryman.]'

| 91 | 413 |
| 96 | 438 |
| 91 | 413 |
| 98 | 332 |
| 91 | 413 |
| 124 | 100 |

# Montgomery & Eufaula Railroad Co. v. Perryman.

*Action for Damages against Railroad Company, for Killing Cow.*

1. *Injuries to cattle by railroad car; burden of proof.*—Under statutory provisions now of force (Code, § 1147; Sess. Acts 1886–7, p. 146, in foot-note to said section), the burden of disproving negligence is not on the railroad company, when the action is brought to recover damages for killing or injuring a cow, and it appears that the injury was caused by a freight car, which, having been left standing on a side-track, with its wheels scotched, broke loose and ran down on the cow.

2. *Charge misplacing burden of proof*, is reversible error.

APPEAL from the Circuit Court of Barbour.
Tried before the Hon. JESSE M. CARMICHAEL.

ROQUEMORE, WHITE & McKENZIE, for appellant.

H. D. CLAYTON, W. C. SWANSON, and A. H. MERRILL, *contra*.

McCLELLAN, J.—Plaintiff had judgment below for damages resulting from injury to a cow. The accident was a pecu-

liar one. A freight car of the defendant was left by its employés standing alone on an inclined side-track of the company in the city of Eufaula,—a side-track leading to certain coalbins, and used only, it seems, for the purpose of delivering coal to the owners of the bins. The car was held in place by means of scotches—blocks of wood placed under its wheels. These were misplaced in some way, and the car ran down the grade, collided with the cow, and so injured her that she had to be killed. There was no evidence as to how the scotches were removed. No living thing was near the car when it began to move, except the cow, and it does not appear that she was sufficiently near to, or did in fact, remove the blocks. The court charged the jury, that "in cases like the present, the burden of proof is on the railroad corporation, to show that it, nor its agent, has been guilty of negligence."

Pretermitting an objection which might be taken to the phraseology of this instruction, resulting from the omission of the word "neither," it will be considered whether it does not misplace the *onus* of proof. Section 1147 of the Code of 1886 provides, "when any stock is killed or injured, or other property destroyed or damaged, by the locomotive or cars of any railroad, at any one of the places specified in the three preceding sections, the burden of proof, in any suit brought therefor, is on the railroad company, to show a compliance with the requirements of such section, and that there was no negligence on the part of the company, or its agents." The injury complained of was at one of the places specified in one of said preceding sections (1144); that is, in a city. The duty there imposed upon the railway company, however, is, that its engineer, or other person having the control of the running of a locomotive, "must blow the whistle, or ring the bell, at short intervals, on entering into, or while moving within, or passing through, any village, town, or city;" and he is further required, "on perceiving any obstruction on the track, to use all means within his power, known to skillful engineers, such as applying brakes and reversing the engine, in order to stop the train." It is quite manifest that these provisions, relating only to moving trains, drawn by an engine, equipped with bell and whistle, and controlled at the time by an engineer, can have no application, nor impose any duty upon a railway company, with respect to a detached car left stationary on a side-track for the purposes of unloading; and hence, it follows, that section 1147 imposes no burden on the company of proving, with respect to such a car, a compliance with the requirements of section 1144. But it will be seen from the section quoted, that it casts, not only the burden of proving such compliance in a

proper case upon the defendant, but, in all cases of injury to stock or other property, "by the locomotive or cars of any railroad company," puts it upon the company also to show "that there was no negligence on the part of the company or its agents." These terms are sufficiently broad to cover every case of injury inflicted by a car of a railway company, whether connected with an engine, or set in motion by an engine, or equipped with bell and whistle, or under the control of an engineer or otherwise manned, or not; and to impose the burden of disproving all negligence on the defendant, in a case like the present one. If, therefore, section 1147 were the only, or the latest law on the subject, we should not hesitate to affirm the correctness of the charge under consideration.

But it is not the last declaration of the legislature in the premises. The act of February 28, 1887, amendatory of section 1700, Code of 1876, which is represented in the Code of 1886 by section 1147, imposes upon railway companies complained against for the killing of persons and stock, &c., only the burden of showing that the requirements of section 1144 (or 1699, Code of 1876), were complied with "at the time and place when and where the injury was done." Under section 2 of the act adopting the Code of 1886, the act of February 28, 1887—passed at the session at which the Code was adopted —was "not repealed or affected in any manner by the adoption" of the Code, but, being amendatory of a section of the Code of 1876, which had been incorporated in the Code of 1886, was required to be printed in the place of such section. This act was not printed in the stead of section 1147, because that section was a consolidation of sections 1700 and 1722 of the former Code, and hence all of its provisions were not embraced in the act amending only section 1700. But the failure to so print it did not affect it in any way.—*South v. State*, 86 Ala. 617.

This statute was passed on by this court in *Ga. Pac. Railway Co. v. Hughes*, 87 Ala. 610. It is there said, with respect to a case involving personal injuries at one of the places specified in sections 1144 and 1145, and after stating the history of legislation on the subject down to and including the act under consideration: "It results, that the statutory law which governs this case, is found in sections 1144 and 1145 of the Code of 1886, and in 'the act to amend section 1700 of the Code,' approved February 28, 1887. . . . The amendment of section 1700 extended its provisions, so as to include cases in which a person was killed or injured; and as the statutes stood when the plaintiff in this case was injured, and are still in force, the rule as to the burden of proof was, and still is

[Goree v. Wadsworth.]

the same, whether the injury complained of is to person or property." It was accordingly held, that under the act of 1887, the burden of proof was cast on the defendant, only to the extent of showing compliance with the requirements of section 1144; the court proceeding on the assumption, that the act of 1887 was the last legislative declaration on the subject, and, casting the *onus* as to certain facts only on the defendant, was, in legal contemplation, under the maxim *expressum facit cessare tacitum*, a declaration that, as to all other facts, the *onus* should be determined by the common-law rule; under which it is upon the plaintiff, in all actions like the present one, to prove the negligence he imputes to the defendant.

We have seen that no requirement of section 1144 can be applied to this case. It was not the duty of the defendant to do, with respect to the car which caused the injury here counted on, any one of the things required by that section; and hence, of course, it was not on the defendant to prove the performance of the duties imposed by that section. As to the negligence in all other particulars, which is the equivalent, in this case, of all the negligence imputed to the defendant—the burden of proof was on the plaintiff. The charge quoted above misplaced this burden, and the giving of it must operate a reversal of the judgment.—*Thompso v. Duncan*, 76 Ala. 334; *Spira v. Hornthall*, 78 Ala. 137; *Ala. Fer. Co. v. Reynolds*, 79 Ala. 497; *Ga. Pac. Railway Co. v. Hughes*, 87 Ala. 610.

The other assignments of error in this record present questions which will not arise on a re-trial of the case, and therefore need not be discussed here.

Reversed and remanded..