# East Tenn., Va. & Ga. Railroad Co. *v.* Baker.

## *Action for Damages for Killing Mule.*

1. *General charge on evidence.*—When there are discrepancies in the testimony upon matters material to the issue, and there is evidence from which the jury might draw an inference adverse to the party asking the general charge, that charge is properly refused.

2. *Injuries to stock by railroad train; duty* of *engineer to watch for obstructions, or animals on track.*—It is the duty of an engineer of a railroad train to keep a steady lookout for animals or other obstructions on the track, so far as he can do so consistently with the discharge of his other duties, and his failure to do so is culpable negligence; and a charge requested which claims a verdict for the railroad company, in an action for damages for killing a mule, "if the engineer was on the lookout for obstructions *when* he discovered the animal on the track, and then used all the means in his power to prevent the injury," ignoring the question whether the animal might not have been sooner discovered if a proper lookout had been kept, is properly refused.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. LEROY F. BOX.

This action was brought by Mrs. Mary M. Baker against the appellant corporation, to recover damages for a mule which was killed by one of the defendant's trains. The bill of exceptions purports to set out all the evidence. The defendant requested the following charges in writing, and duly excepted to their refusal: (1.) "If the jury believe all the evidence, they must find a verdict for the defendant." (2.) "If the jury believe from the evidence that the engineer in charge of the train was on the lookout for obstructions at the time he discovered the mule, and used all the means in his power to prevent the injury, they must find for the defendant." (3.) "If the jury believe from the evidence that the engineer was on the lookout for obstructions when he discovered the mule, and at once blew the whistle for brakes and the cattle-alarm, and reversed his engine, and there was no negligence on the part of the other train-men contributing to the injury, then they must find for the defendant." The refusals of these charges are the only matters assigned as error.

PETTUS & PETTUS, for appellant, cited *Railroad Co. v. Hembree*, 85 Ala. 481; *Railroad Co. v. Moody*, 90 Ala. 46; *Railroad Co. v. Roebuck*, 76 Ala. 277.

W. R. OLIVER, *contra.*

[East Tenn., Va. & Ga. Railroad Co. v. Baker.]

WALKER, J.—The evidence for the plaintiff tended to show that the mule came upon the track from the west side; that the field on that side was open and clear of obstructions, so that the engineer could see animals approaching from that direction; that the mule came upon the track seventy or seventy-five yards from the point where it was killed, and, without leaving the track at all, ran that distance ahead of the engine. The evidence for the defendant, on the other hand, tended to show that the mule came from the east side; that on that side there were obstructions to cut of the engineer's view of the animals coming towards the track; that the mule first ran across the track, and then came back upon it a second time just ahead of the engine, and ran along the track but a very short distance before it was struck and killed; that from the point where the mule first crossed the track to the place where it was killed was about fifty yards. It was the province of the jury to accept or reject the one or the other of these versions, in whole or in part, and to determine from the whole evidence what was the truth of the matter. The court can not say that it appears without conflict in the evidence that the defendant discharged the burden upon it to show that there was no negligence on its part which caused or contributed to the alleged injury. There was evidence from which the jury might draw the inference, that if the engineer had been keeping a proper lookout he might have discovered the mule sooner, and in time to frighten it out of the way of danger, or to avoid killing it. When there are discrepancies in the testimony upon matters material to the issue, and there is evidence from which the jury could draw an inference adverse to the defendant, the general charge in favor of the defendant should not be given.— *Western Railway Co. v. Lazarus*, 88 Ala. 453; *Hall v. Posey*, 79 Ala. 84. There was no error in the refusal to give such charge in this case.

It was the duty of the engineer to be on the lookout for obstructions on the track, so far as such lookout could be maintained consistently with his discharge of his other duties. Failure to maintain a steady lookout is itself culpable negligence.— *Western Railway Co. v. Lazarus*, 88 Ala. 453; *Mobile & Girard Railroad Co. v. Caldwell*, 83 Ala. 196. This duty is one that must be constantly observed, not, however, so as to keep the engineer from attending to his other duties. The requirement is that the engineer, while giving all due care to the handling of his engine, must also maintain a steady watchfulness for dangers or obstructions ahead.—*East Tenn., Va. & Ga. R. R. Co. v. Bayliss*, 75 Ala. 466. To prove that the engineer was on the lookout when he actually discovered

an obstruction on the track, is not enough to show that he has fully performed his duty in this regard. If he failed to discover the obstruction sooner, when he might have done so if he had been duly watchful, then the defendant is chargeable with negligence.—*Kansas City, M. & B. R. R. Co. v. Watson*, 8 So. Rep. 793; 91 Ala. 483. The engineer might have been "on the lookout for obstructions at the time he discovered the mule," as hypothesized in both the 2d and 3d charges requested by the defendant, and yet have negligently failed to maintain such lookout prior to the time of the actual discovery, and the failure to see the mule soon enough to avoid killing it may have been owing to the absence of proper watchfulness. Those charges were rightly refused, because, in obedience to either of them, the jury could have found for the defendant, though they were satisfied from the evidence that the engineer was negligent in not maintaining such a lookout as would have enabled him to discover the mule in time to avoid the casualty. The duty to be watchful is not to be confined to the time of the actual discovery of an obstruction. The steady performance of the duty is enjoined in order that obstructions may be discovered in time to avoid casualties therefrom, if practicable. No error is discovered in the record.

Affirmed.