# Mobile & Birmingham Railway Company *v.* Kimbrough.

*Action against Railroad Company for Killing Stock.*

1. *Obstructions on railroad track; duty of engineer to look-out for; charge ignoring this duty.*—It is the duty of an engineer, in charge of a moving train of cars, to maintain a lookout, as continuously as his other duties will permit, for obstructions on the track; and when, in an action against a railroad company for the killing of a mare by a moving train, the evidence is in conflict upon the question as to whether such lookout was maintained, a charge, stating the duty owing by the defendant in the operation of its trains to the owners of stock, is faulty, in ignoring the inquiry as to the engineer's observance of the duty to maintain a proper lookout.

[Mobile & Birmingham Railway Co. v. Kimbrough.]

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. JOHN MOORE.

This was an action brought by the appellee, William A. Kimbrough, against the appellant, The Mobile & Birmingham Railway Company, to recover damages for the alleged negligent killing of a mare, the property of the plaintiff.

There was no dispute as to the fact that the mare was killed by one of the defendant's engines. The testimony of the engineer, a witness for the defendant, tended to show that when he first saw the mare she was standing about twenty feet from the track and about one hundred yards from the engine; that she started to run, and jumped on the track, ran up the track possibly fifty feet, fell into a cattle-guard, and was struck by the engine and killed; that when the animal came upon the track, seeing that it was impossible to stop the train before striking it, he put on all steam possible, so as to knock the animal out of the cattle-guard, and thereby prevent a derailment of the train.

There was evidence offered by the plaintiff tending to show that when the cattle alarm was sounded the mare was on the track about one hundred yards ahead of the engine and about a quarter of a mile from the cattle-guard, and that she ran that distance along the track in front of the engine before she reached the cattle-guard, where she was killed.

To the refusal of the court to give each of the following charges the defendant excepted: (1.) "The duty of the railroad company is to adopt the best precautions against dangers, which are in use, to employ good and safe machinery and appliances such as are most in use and approved by those skillful and experienced in the operation of trains and in the management of railroads, and to operate said machinery with a due regard to the safety of the passengers, and when they have done this much, their duty to the owners of stock is, in this particular respect, fulfilled." (2.) "If the jury believe from the evidence that the engine and train of cars were furnished with all the proper and modern appliances in use on well conducted railroads, and were in charge of and managed by skillful and competent servants of the company, and that the engineer, in the exercise of the reasonable judgment of a prudent and experienced engineer, believed that it was impossible to avoid killing the mare of the plaintiff in this case, no matter what precaution he took to prevent the accident, and if the jury further believe from the evidence that the lives of the passengers and the crew would be less endangered by striking

[Mobile & Birmingham Railway Co. v. Kimbrough.]

the mare at a high than a low rate of speed, then it would be the duty of the engineer to increase the speed of the train, and the company would not be liable for damages in such case."

E. N. JONES, for appellant.

STONE, C. J.—It is possible for a case to arise in which, without fault on the part of those having charge of a railroad train, it is impossible to stop the train in time to save stock found on the track. In such case it is unnecessary for the engineer to attempt to stop his train. And if in such conditions the safety of the train and of the passengers will be promoted by putting on additional steam and thus accelerating the motion, then it is the privilege, the duty of the engineer to give his train additional speed.—*E. T., Va. & Ga. R. R. Co. v. Deaver*, 79 Ala. 216; *Ala. Gr. So. R. R. Co. v. McAlpine*, 80 Ala. 73.

There is, however, another principle to be kept steadily in view when considering the one just mentioned. The engineer must maintain a lookout, as continuously as his other duties will permit, for obstructions on the track ahead, or in such dangerous proximity as to be likely to get upon it. A failure to maintain such lookout is itself an act of negligence, if injury result from it. The liability does not necessarily commence with the first discovery of the obstruction. It dates from the time it could have been discovered through the maintenance of a proper lookout.—*M. & G. R. R. Co. v. Caldwell*, 83 Ala. 196; *Western Railway Co. v. Lazarus*, 88 Ala. 453; *E. T., Va. & Ga. R. R. Co. v. Baker*, 94 Ala. 632.

The testimony in this record is not so entirely free from conflict as that it can be assumed the engineer was observing a proper lookout. That was a question for the jury to pass on. Each of the charges asked and refused is faulty, in that each ignores this necessary inquiry of fact, in stating the hypothesis on which the defendant claimed a verdict in its favor.

Affirmed.