# Benners v. The State.

*Petition for Mandamus.*

1. *Mandamus; when will lie.*—Appeal from judgment in mandamus proceedings will not be dismissed on the ground that there was no real controversy between the parties, and that the judgment appealed from is therefore void, when the affidavits show no more than that the mandamus proceedings were instituted and conducted in an amicable way with the view to speeding the decision of a controversy involving real parties and interests. Such motive is not offensive to legal policy or principle.

2. *Act adopting Code; did not repeal certain acts.*—The act of the legislature of February 16, 1897, adopting the Code, in that portion of it which continues in force the acts passed at that session, was not an attempt at the revival, extension or amendment of the saved statutes, but is merely restrictive of the Code's effect. The constitutional provision for codifying the statutes does not of itself work the abrogation of statutes which may be omitted from the adopted body of the Code. And while general statutes so omitted are ordinarily held to be repealed on the theory of presumed legislative intention, such presumption cannot exist when the contrary intention is expressed in the act which adopts the Code. Therefore all acts

7

[Benners v. The State.]

of the legislature passed at the session at which the Code was adopted and which are saved from repeal by the terms of the adopting act are, as between them and provisions contained in the Code, the last expression of the legislative will, and they operate to repeal any provisions of the Code which are in conflict with them.

3. *Constitution; meaning of clause each law shall contain one subject.*—That clause of the Constitution which declares that "each law shall contain but one subject which shall be clearly expressed in its title,' is mandatory and its requirements are to be exactingly enforced; but it does not require that each clause of an act shall be so expressed. When the subject is general the title may be very general, and yet cover everything which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in it. The limitation is that the things regulated or forbidden in the body of the act must fall within the general purpose expressed in the title and relate to it.

4. *Act of legislature valid.*—The act of February 5, 1897, entitled "An act to prohibit book-making or pool selling on horse racing and other forms of gambling" is valid, there being nothing in the body of the act which is not comprehended in the title; and the fact that the inclusion by the terms of the act, of corporations among those who may be punished by imprisonment does not render the remainder of the act invalid or incapable of enforcement.

5. *Mandamus; available in criminal cases.*—Mandamus as a remedy is available in criminal as well as civil cases. It lies to compel an officer charged with the duty, to take cognizance of a criminal charge preferred by affidavit and thereon to issue his warrant of arrest.

6. *Solicitor; proper relator in mandamus.*—The solicitor as the prosecuting officer of the State is a proper relator to bring an application for *mandamus* before a criminal court.

APPEAL from Jefferson Criminal Court.

Tried before Hon. SAMUEL E. GREENE.

This is a mandamus proceeding to compel F. H. Benners, a justice of the peace of Jefferson county, to issue a warrant of arrest for one T. G. Hewlett for violating the terms of an act of the general assembly, approved February 5, 1897, and entitled "An act to prohibit book-makin or pool-selling on horse racing and other forms of gambling." The justice held the act to be unconstitutional and refused to issue the warrant on proper appli-

cation therefor. A peremptory writ of mandamus was awarded by Hon. Samuel E. Greene, judge of the criminal court of Jefferson county, commanding Benners to issue the warrant of arrest, and from the judgment awarding the writ Benners appealed.

B. B. BOONE and WHITE & HOWZE, for Benners.

SMITH & SMITH, for Hewlett, cited in support of motion to dismiss the appeal and of the right of Hewlett to make it, *Lord v. Veazie*, 8 Howard 251; 2 Ency. Pl. & Prac., p. 341. And to show that mandamus will not lie against officer.—*Taylor v. Koch*, 100 Ala. 603; *State v. Hamil*, 97 Ala. 107. Must be applied for by attorney-general in criminal cases.—*Ex parte State of Alabama*, 21 So. Rep. 210.

CABANISS & WEAKLEY, *contra*, cited *State v. Stripling*, 113 Ala. 120; *State v. Rogers*, 107 Ala. 444; *State v. Burgdoerfer*, 17 S. W. Rep.; *Lescallet v. Commonwealth*, 17 S. E. Rep. 546; *State v. Robie*, 41 N. E. Rep. 481. Act not incorporated in the Code.—*M. & E. Ry. Co. v. Perryman*, 91 Ala. 415; *Ga. Pac. Ry. Co. v. Hughes*, 87 Ala. 613; *South v. State*, 86 Ala. 617; *Harrison v. Jones*, 80 Ala. 412.

SHARPE, J.—Motion is made to dismiss this appeal on the ground that there is no real controversy between the parties and that the judgment appealed from is therefore void. Without wishing to abate the salutary policy of the law which reprehends and refuses effect to fictitious suits, we cannot apply it here. The affidavits show no more than that the *mandamus* proceedings were instituted and conducted in an amicable way with the view to speeding the decision of a controversy involving real parties and interests. Such a motive is not offensive to legal policy or principle.—*Lord v. Veazie*, 8 How. 251. Before the appellant as a justice of the peace, a prosecution was begun by affidavit, charging designated persons with a criminal offense. The justice disputes the validity of the statute purporting to create the offense, and upon that ground alone refuses to issue his warrant of arrest.

The act in question was approved February 5th, 1897, and is entitled "An act to prohibit book-making or pool-selling on horse racing and other forms of gambling." As to any conflict between its provisions and those of the Code of 1896, the act which adopts the Code must be taken as the last expression of the legislative will. The last mentioned act was approved February 16th, 1897, and expressly provides against the repeal of acts passed at that legislative session, with the exception of certain amendatory laws incorporated in the Code.

This is not an attempt at the revival, extension or amendment of the saved statutes, but it is merely restrictive of the Code's effect. The legislature is not prohibited by anything in the constitution from subordinating one of its enactments by its inherent terms, to the operation of an earlier act. The constitutional provision for codifying the statutes does not of itself work the abrogation of statutes which may be omitted from the adopted body of the Code. The theory upon which general statutes so omitted are ordinarily held to be repealed, rests only upon a presumed legislative intention.—*Carmichael v. Hays*, 66 Ala. 544. Such a presumption cannot exist when the contrary intention is expressed in the act which adopts the code.—*South v. State*, 86 Ala. 617; *M. & O. R. R. Co. v. Perryman*, 91 Ala. 413. To avoid their repeal was to leave in force the statutes passed at the then impending session and not within the excepted class, with the necessary effect of repealing such Code provisions as might conflict therewith. Where the conflict is partial only, so that giving the saved statute its full scope a different field remains wherein the Code may operate, effect will be given to each so far as they can be so reconciled.—*Handy v. State*, 25 So. Rep. 1023.

For determining the validity of a statute with reference to that clause of the constitution which declares that "each law shall contain but one subject which shall be clearly expressed in its title," no better rules have been formulated than those stated in the often quoted case of *Ballentyne v. Wickersham*, 75 Ala. 533. They are: "That the clause is mandatory. That its requirements are to be exactingly enforced. That the title of a bill may be very general and need not specify every

clause in the statute. Sufficient if they are all referable and cognate to the subject expressed. And when the subject is expressed in general terms everything which is necessary to make a complete enactment in regard to it or which results as a complement of the thought contained in the general expression is included in and authorized by it."

Where a general subject is sufficiently expressed in the title, its subdivision into correlated parts in the body of the act does not offend the constitution. "It is sufficient if the things regulated or forbidden in the body of the act fall within the general purpose expressed in the title and relate to it."—*State v. Stripling*, 113 Ala. 120; *Montgomery B. & L. Asso. v. Robinson*, 69 Ala. 413.

Book-making and pool-selling on horse racing are but different modes of arranging bets on horse racing. The single object of the act is the suppression of this form of gambling and the classification of acts, persons and punishments made in the body of the act, all relate to and pursue the accomplishment of the same general purpose. The inclusion by the terms of the act, of corporations, among those who may be punished by imprisonment does not render the remainder of the act invalid or incapable of enforcement. We hold that the statutory provision under which the criminal charge was preferred is valid and must be enforced.

*Mandamus* as a remedy is available in criminal, as well as in civil cases. While it will not ordinarily in either case be used to direct a judicial officer how to act in the performance of discretionary judicial functions, it will lie to set in motion the performance of official duties whether they be judicial or ministerial,—1 Bish. Crim. Pro., § 1403; Merrill on Mandamus, § 775. So it lies to compel an inferior court to proceed with a criminal trial or proceeding of which the court has wrongfully declined jurisdiction; Merrill on Mandamus, § 203; *State v. Laughlin*, 75 Mo. 358; *People v. Swift*, 59 Mich. 529; and to compel an officer charged with the duty to take cognizance of a criminal charge preferred by affidavit and thereon to issue his warrant of arrest.—*Attorney-General v. Police Justice*, 40 Mich. 631. The solicitor is

[Hawkins *ex rel.* F. P. O'Brien v. The State.]

the prosecuting officer of the State was a proper relator in bringing the application for *mandamus* before the criminal court.—*People v. Swift, supra.* The affidavit is regular in form and full in substance. When made, it became the duty of the justice to issue his warrant of arrest returnable as provided by the act of February 9th, 1895.—Acts 1894-5, p. 498.

There was no error in the judgment awarding the writ of *mandamus* and it will be affirmed.